■ In the Matter of CAROLE DARROW, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 2, 1975, which, after a fair hearing, affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services, which reduced petitioner's grant of public assistance by changing the category of assistance she received from aid to dependent children to home relief. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. A review of the entire record discloses that there is substantial evidence to support the determination under review. Under the circumstances, this court is without power to interfere (see *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Collins v Codd,* 38 NY2d 269). *Matter of Uhrovick v Lavine* (43 AD2d 481, affd 35 NY2d 892) merely held that a social services agency could not presume that the income of a stepparent in the house was available for the support of the stepchildren. Here, the finding of the agency is supported by the facts that (1) the family was living together, (2) the household furniture was shared in common, (3) the husband was paying the gas and electric bills and (4) the husband and wife had a joint checking account. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.

■ In the Matter of EASTERN SAVINGS BANK, Formerly BRONX SAVINGS BANK, Respondent, v RAYMOND SCHOEPFLIN et al., Constituting the Zoning Board of Appeals of the Town of Oyster Bay, Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay, dated July 16, 1975, which denied petitioner's application to modify a condition imposed upon a previously issued variance, the appeal is from a judgment of the Supreme Court, Nassau County, dated February 18, 1976, which (1) annulled the determination and (2) remanded the matter to the board with a direction that it grant petitioner the relief it sought, subject to any reasonable conditions the board deems appropriate. Judgment affirmed, without costs or disbursements, upon the opinion of Mr. Justice Niehoff at Special Term. Hopkins, Acting P. J., Damiani and Titone, JJ., concur; Rabin and Shapiro, JJ., dissent and vote to reverse the judgment and dismiss the proceeding, with the following memorandum: In our opinion the determination of the zoning board of appeals was neither arbitrary nor capricious and should not have been disturbed by Special Term.

■ In the Matter of FIRST NATIONAL BANK OF EAST ISLIP, Appellant, v MAHLON BROWER, as Clerk of the First District Court of the County of Nassau, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to enter a default judgment in a certain action pending in the District Court, Nassau County, First District, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated May 19, 1976, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Lynde at Special Term. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.