OPINION OF THE COURT
Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 to review a fair hearing decision of the Commissioner of the Department of Social Services.
Petitioner David Murray lives with his wife Joan Murray, two children born of their marriage, and one child born to Mrs. Murray prior to this marriage. In December, 1976 Mrs. Murray applied to the Albany County Department of Social Services for public assistance for the entire five-person household. At that time Mr. Murray had a net income of $375 per month. On February 4, 1977 the application for Mrs. Murray and her child was accepted as an Aid to Dependent Children (ADC) case with a cash grant of $54 per month. The application on behalf of Mr. Murray and his two natural children was treated as a Home Relief (HR) case and was denied because of excess income. In calculating the budget, the agency computed the household’s eligibility as follows:
ADC 2
Basic allowance (household of five — $318) $127.20 Shelter 30.00
Fuel 14.00
HR 3 $190.80 45.00 21.60
Total needs Net income
$171.20 $257.40
117.60 257.40
Deficit
$53.60 00
In its calculation, the local department divided the needs of the household into five equal parts, and applied all of the available income to first reduce the needs of the HR applicants. The remainder of the income was then applied to the ADC category with a deficit of $54 being made up by a cash grant.
On February 7, 1977 a fair hearing was requested to review the propriety of the budgeting method and the decision of the Albany County Department of Social Services, and a hearing *18 was held on March 7, 1977. In a decision dated May 6, 1977, the respondent Toia affirmed the determination of the local agency and thereafter petitioner commenced the present proceeding.
Petitioner first contends that the finding that petitioner’s wife and stepchild are eligible under the ADC program was erroneous and argues that the entire family should have been given a grant under the HR program. Although the cash grant in either case would have been the same, $54 per month, if the entire family were given an HR grant, then petitioner and his two children would have been eligible for food stamps and Medicaid.
The court first finds that even though petitioner would not obtain direct monetary benefits if he were to be successful in this proceeding, he nevertheless has standing. The denial of his alleged right to participate in the Medicaid and food stamp programs is sufficient injury to confer standing.
On the merits, the court finds that Mrs. Murray and her child were properly classified as eligible for an ADC grant. Children are categorically eligible for ADC if living with a natural parent or other eligible relative and a stepparent. Whether a child will be financially eligible depends upon the amount of income attributable to his support. In determining financial eligibility, it has been held that under the Federal regulations (45 CFR 233.90), there may not be a presumption that a stepparent’s income will be available for the support of his stepchild merely because he resides with him (Matter of Uhrovick v Lavine, 35 NY2d 892). In determining eligibility, the Department of Social Services may, however, take into account the amount actually spent by the stepparent for the stepchild’s support (see Matter of Darrow v D’Elia, 54 AD2d 905; Matter of Scarpelli v Lavine, 48 AD2d 899; Matter of Slochowsky v Lavine, 73 Misc 2d 563, 570).
In making its determination, the local department in the present case took into consideration two facts which are undisputed: that petitioner had a net income of $375 per month and that he was willing to support his stepdaughter. Based on these facts, it allocated a portion of petitioner’s income toward the support of his stepdaughter. Upon making such allocation, it found that the stepchild and her mother were still eligible for an ADC monthly grant of $54. It appears to this court that the department’s action is consistent with the Federal regulation and the holding in Matter of Uhrovick *19 v Lavine, supra). As has been noted above, in determining the question of eligibility, the amount actually spent by the stepparent* on the stepchild’s support should be considered. Petitioner’s argument that a stepparent’s acceptance of responsibility for the support of the stepchild automatically renders the child ineligible for an ADC grant is without merit.
Petitioner next contends that even if Mrs. Murray and her child were qualified for an ADC grant and the division of the family into two units is proper, the budgetary calculation of the respondent Fahey is arbitrary, capricious and contrary to law. He points out that in the agency’s calculation all "needs” are prorated so that the ADC family receives 40% of what a family of five would receive and the HR family receives 60%. However, the "assets” portion of the calculation is unequally distributed in relation to the needs. Specifically, only 31% of the "assets” are attributed to the ADC family, while 69% of the "assets” are attributed to the HR family. Petitioner contends there is no rational basis for this calculation discrepancy.
Respondents point out that payments made by local social services agencies under ADC are 50% Federally funded, while HR payments do not involve Federal money but are comprised solely of State and local funds. Therefore, persons unable to provide financially for themselves are only eligible for HR if they are not eligible for ADC (18 NYCRR 370.4 [e]). Under the New York State Department of Social Services regulation (18 NYCRR 351.2 [f]), there is a requirement that on any application for public assistance, eligibility under ADC and other specific programs such as aid to the aged, blind and disabled be fully utilized. In compliance with this regulation, the income available to petitioner Murray, his wife and his two natural children and his stepchild was first applied against the HR needs of himself and his two natural children, and then applied against the needs of his wife and stepchild. Thus, the eligibility of his wife and stepchild under ADC was fully utilized. Respondents contend that the regulation properly advances the legitimate State interest in obtaining the maximum amount of Federal aid available. The court- finds that the calculations of the local agency, which were in accordance with the regulation, were neither arbitrary, capricious nor contrary to law since there is a rational basis to support these
*20 calculations (see Matter of Pell v Board of Educ., 34 NY2d 222, 231).
Finally, petitioner contends that the budgetary calculation violates petitioner’s right to equal protection. He argues that since respondents’ budgetary method discriminates in favor of illegitimate children against legitimate children, it is unconstitutional. The court disagrees. Respondents’ calculations are required by a Federal regulation which the State is bound to follow. The distinction in the regulation is not between legitimate or illegitimate children but between natural children and stepchildren. According to the regulation (45 CFR 233.90) there must be a State law of general applicability requiring stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children before a stepparent’s income may be presumed to be available for the support of his stepchild. There is a rational basis for the distinction in the Federal regulation; it is based upon the legal obligation of support recognizing that under all State laws parents must support their natural children, but under some State laws stepparents are not necessarily obligated to support their stepchildren. Since respondent Fahey’s calculations are based upon distinctions in the Federal regulation which have a rational basis (see 9 NY Jur, Constitutional Law, § 294 et seq.), it cannot be said that there has been a denial of petitioner’s right to equal protection of the law.
The petition shall be dismissed, without costs.

 This amount may be estimated, based upon a reasonable allocation of the stepfather’s income among the members of the family.