■ In the Matter of BARBARA HAIRSTON, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated June 2, 1977, and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's regular grant of aid for dependent children. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for further proceedings consistent herewith. The State commissioner affirmed the local agency's finding that the adjudicated father of petitioner's children, who is not married to petitioner, was residing in her household, that he was employed and providing support for his children, and that petitioner failed to report these facts to the agency. In our opinion, these factual conclusions are supported by substantial evidence. The factual finding that the father of petitioner's children has been providing support for the children is correct, insofar as the record indicates that the father has been contributing $40 per week under a wage garnishment pursuant to an order of the Family Court. However, it was also established that these payments flow directly to the Department of Social Services and are not budgeted as income for the purpose of setting the amount of petitioner's grant. Thus, the decision to terminate petitioner's grant of assistance entailed an implicit finding that financial resources above and beyond the court-ordered support payments were available to petitioner as a result of her apparent cohabitation with the children's father. In our opinion, the record in its present form does not permit adequate review of the finding that petitioner benefited from an increase in income which would justify the termination of her public assistance grant. The State regulations pertaining to continuing eligibility for public assistance require the welfare agency to investigate a recipient's financial resources, including contributions from relatives and friends, to determine their "nature, amount, form and *availability"* (18 NYCRR 351.2 [e] [1] [emphasis supplied]; see, also, 18 NYCRR 369.4 [a]). We interpret such a determination of availability to be one which comports with the applicable Federal requirements for an approved State plan of aid for dependent children (see *Matter of Lumpkin v Department of*

*Social Servs. of State of N. Y.,* 45 NY2d 351, 355). Under the applicable Federal regulation, the income of, *inter alia,* a natural parent may be considered in establishing financial eligibility only to the extent of "such net income as is actually available for current use on a regular basis" (45 CFR 233.90 [a]). We may not indulge in a presumption that some or all of the father's net income (beyond the amount he is currently obligated to pay for child support) is available for the support of his children born out of wedlock merely because he resides with them (cf. *Matter of Uhrovick v Lavine,* 35 NY2d 892, affg 43 AD2d 481; see, also, *Murray v Toia,* 92 Misc 2d 15). Although the father was shown to be earning a gross salary of $175 per week, the record is silent as to how much of his net income was actually available to petitioner for current use on a regular basis (45 CFR 233.90 [a]). Similarly lacking are any of the circumstantial indicia of actual availability, such as joint checking accounts or evidence that the father has been paying petitioner's living expenses, which might justify an alteration in petitioner's status as a recipient of public aid (see *Matter of Darrow v D'Elia,* 54 AD2d 905). Accordingly, we remit this matter to the State commissioner for a further hearing. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.