■ In the Matter of KATHLEEN UNGER, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Blum, dated February 5, 1982 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's grant of public assistance in the category of Aid to Dependent Children. Petition granted, determination annulled, on the law, without costs or disbursements, respondents are directed to reinstate in full petitioner's public assistance grant, and to pay so much of the grant as has been withheld from her, and matter remitted to the Supreme Court, Suffolk County, for a hearing to determine reasonable attorney's fees, if any. The State commissioner affirmed the termination of petitioner's grant of Aid to Dependent Children after finding that her husband was residing with her and receiving

unemployment insurance benefits of $101 per week. While the commissioner's finding that petitioner's husband resided with her may be supported by substantial evidence there was no substantial evidence to indicate that the children are no longer in need of assistance and that the husband was contributing support to the household (see *Matter of Henny v Weinberg,* 80 AD2d 831; *Matter of Mandy v Blum,* 67 AD2d 1002; *Matter of Hairston v Toia,* 67 AD2d 730). Inasmuch as the petitioner has been successful on her claim which is cognizable under section 1983 of title 42 of the United States Code, there is, on the record before us, a valid basis for an award of counsel fees, provided that no special circumstances exist which would warrant a denial of the fee. The fact that counsel for the petitioner is a law services committee is not such a special circumstance (*Matter of Johnson v Blum,* 58 NY2d 454). Whether any other circumstance exists which would qualify as a special circumstance requiring denial of a fee should be determined on remittitur to Special Term. Accordingly, the matter is remitted to Special Term to afford respondents an opportunity to demonstrate whether any special circumstances exist which would preclude an award of attorney's fees, and, if not, to fix a "reasonable attorney's fee" to be awarded to counsel (see *Matter of Rahmey v Blum,* 95 AD2d 294; *Matter of Klapak v Blum,* 97 AD2d 764). Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.