■ In the Matter of KATHLEEN UNGER, Respondent, v BAR-BARA BLUM, as Commissioner of the New York State Department of Social Services, Respondent. JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Blum, dated February 5, 1982 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's grant of public assistance in the category of

aid to dependent children, which determination was annulled by this court *(Matter of Unger v Blum,* 99 AD2d 494), the local agency appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated November 26, 1984, as, upon remittitur for a hearing to determine reasonable attorney's fees, awarded petitioner attorney's fees without holding respondent-respondent Blum solely responsible for payment of the fees to petitioner.

Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and it is adjudged that the State, and not appellant, is responsible for the payment of attorney's fees.

In *Matter of Beaudoin v Toia (Jorczak)* (45 NY2d 343, 347), the Court of Appeals stated, *inter alia:* "In New York State, the social services program is a State program, administered through the 58 local social services districts under the general supervision of the State Department of Social Services and the State Commissioner of Social Services. (NY Const, art XVII, § 1; Social Services Law, §§ 17, 20, 34.) The county commissioners are nominated by statute 'agents' of the State department (Social Services Law, § 65, subd 3). In the administration of public assistance funds, whether they come from Federal, State or local sources, the authority and responsibility is that of the county commissioners of social services, not the counties; the local commissioners act on behalf of and as agents for the State. Each is a part of and the local arm of the single State administrative agency. Determinative of the present question is the status and function of the local commissioners as agents of the State and not of their respective counties".

In his capacity as the local arm of the State Commissioner of Social Services, appellant is not an agent of Suffolk County. As noted in *Matter of Beaudoin v Toia (Jorczak) (supra,* p 348), appellant, as a local commissioner, is bound by decisions of the State Department of Social Services made after a statutory fair hearing and must promptly comply (18 NYCRR 358.18 [a]; 358.22).

In short, since local social service commissioners merely effectuate the policies of the State commissioner, it is the State commissioner who should be responsible for an award of attorneys' fees.

We have considered and rejected all the arguments raised by petitioner and by respondent Blum, including the argument that ordering appellant to share the liability for attorney's fees will encourage compliance with the law. We note

with regard to this contention that the State commissioner is empowered by Social Services Law § 20 (3) (e) to impose a sanction upon the local social services district for any "failure * * * to comply with law, rules or regulations of the department relating to public assistance and care or the administration thereof". Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.