**Arnold CATTEN, Plaintiff,**

v.

**Thomas A. COUGHLIN III, et al., Defendants.**

**No. 85 Civ. 9205 (KTD).**

United States District Court,
S.D. New York.

July 25, 1986.

Arnold Catten, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City, for defendants; Arnold D. Fleischer, Asst. Atty. Gen., of counsel.

KEVIN THOMAS DUFFY, District Judge.

*Pro se* plaintiff, Arnold Catten, an inmate at Sing Sing Correctional Facility ("Sing Sing"), brings this 42 U.S.C. § 1983 action against Thomas A. Coughlin III, Commissioner of the New York State Department of Correctional Services, James E. Sullivan, Superintendent at Sing Sing, Christopher Artuz, Deputy Superintendent at Sing Sing when the circumstances giving rise to plaintiff's complaint occurred, and various corrections officers. Plaintiff essentially alleges that, as a result of false disciplinary charges, he was unlawfully confined to the Special Housing unit in Sing Sing for sixty days. Specifically, plaintiff was charged with and, after a disciplinary hearing held on March 10, 1985, found guilty of illegally using a credit card to obtain goods from L.L. Bean, Inc. Defendants now move pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss plaintiff's complaint. Plaintiff has filed no opposition to this motion.

On May 16, 1985, plaintiff initiated an Article 78 proceeding in New York State Supreme Court to annul the determination made after the March 10, 1985 disciplinary hearing. On July 10, 1985, plaintiff's petition was granted and his record was ex-

punged of any reference to this disciplinary hearing. Plaintiff thereafter instituted the present action seeking monetary, declaratory, and injunctive relief for the alleged violation of his constitutional rights at the March 10, 1985 disciplinary hearing.

In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court of the United States held that, in accordance with the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, issues actually litigated in state courts may not be relitigated in a later federal section 1983 action. Thereafter, in *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court considered the issue left open in *Allen*, namely whether "the preclusive effect of a state-court judgment might be different as to a federal issue that a section 1983 litigant could have raised but did not raise in the earlier state-court proceeding." *Id.* at 83, 104 S.Ct. at 897 (footnote omitted). The Court noted that section 1738 "embodies the view that it is more important to give full faith and credit to state-court judgments than to ensure separate forums for federal and state claims" and held that a state-court judgment "has the same claim preclusive effect in federal court that the judgment would have in the ... state courts." *Id.* at 84–85, 104 S.Ct. at 897–98. Thus, the issue presented herein is what preclusive effect plaintiff's judgment in his Article 78 proceeding would have in New York.

New York "has adopted the transactional analysis approach in deciding *res judicata* issues. Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158 (1981) (citations omitted); *see also Reilly v. Reid*, 45 N.Y.2d 24, 407 N.Y.S.2d 645, 648, 379 N.E.2d 172 (1978). Where, however, the "initial forum did not have the power to award the full measure of relief sought in the later litigation," this bar will not apply. *Davidson v.*

*Capuano*, 792 F.2d 275, 278 (2d Cir. May 29, 1986) (citing *Heimbach v. Chu*, 744 F.2d 11, 14 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985)). In *Davidson*, a case where, as here, the plaintiff sought to assert a civil rights claim for damages in federal court after being successful in a state Article 78 proceeding, the Second Circuit specifically addressed the issue of what is the full measure of relief available in an Article 78 proceeding and found "that damages for civil rights violations are not included...." *Id.* at 278 (citations omitted). Accordingly, the Court held that "New York courts would not bar a later civil rights claim even where ... it is based upon the same cause of action as the Article 78 proceeding." *Id.* at 282.

In light of the Second Circuit's decision in *Davidson*, defendants' motion to dismiss plaintiff's action as being barred by *res judicata* must be denied.

SO ORDERED.