**Terry HASENSTAB, Plaintiff,**

v.

**The CITY OF NEW YORK, Joseph Preiss, Robert J. McGuire, Benjamin Ward, Edward I. Koch, Joan Preston, Leonard Kaplan and John Bnettner, Defendants.**

**No. 86 Civ. 6560 (SWK).**

United States District Court, S.D. New York.

June 26, 1987.

Alan D. Levine, New York City, for plaintiff.

Office of the Corp. Counsel of the City of New York, New York City by Lina Liberatore, Asst. Corp. Counsel, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Terry Hasenstab, a retired police officer with the New York City Police Department ("NYPD"), commenced this action pursuant to 42 U.S.C. § 1983. Hasenstab alleges that the NYPD violated his fourteenth amendment due process rights by failing to notify him that he passed a promotional examination for the position of sergeant, failing to promote him to that position, and selectively promoting persons who were on sick leave. Hasenstab seeks a judgment from this Court ordering the NYPD to reconsider his promotion in accordance with due process of law and for an award of damages, and reasonable attorneys' fees.

This action is currently before the Court on a motion by the defendants Joseph Preiss, Robert J. McGuire, Benjamin Ward, Edward I. Koch, Joan Preston, Leonard Kaplan and John Bnettner (collectively the "City defendants"), to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Hasenstab's claims are barred by *res judicata.*

## BACKGROUND

The following facts are undisputed. In 1978, Hasenstab, while a police officer with the NYPD, took an examination for promotion to the position of sergeant. He was informed that he failed on July 19, 1980. After the NYPD promulgated an eligible list from the examination for promotion to sergeant, a state court proceeding was commenced challenging the propriety of that eligible list. *See Matter of Esposito v. Nadel,* No. 21835/80, (N.Y.Sup.Ct., July 6, 1983).

During this time, in May, 1982, while apprehending a suspect in the line of duty, Hasenstab suffered serious injuries to his knee and back. He left work on sick leave and remained on that status while the NYPD reviewed his application for retirement on accidental disability benefits.

In July, 1983, pursuant to *Matter of Esposito,* a state court judgment was entered ordering that the results of the examination for promotion to sergeant be rescored. Later that month, a new eligible list of those who had passed that examination was promulgated. All those who passed and who were so notified attended a basic management orientation course that began in August, 1983 and were promoted to the rank of sergeant in September, 1983.

Meanwhile, Hasenstab's application for accidental disability retirement benefits was approved by the Police Pension Fund in August, 1983. In early September, Hasenstab followed the NYPD's advice (Bnettner's) to forego 115 days of terminal leave time he was entitled to and accept a cash payment instead. As a result Hasenstab's date of retirement from the NYPD was August 31, 1983. On September 15, 1983, the NYPD notified Hasenstab that he had passed the examination for promotion to sergeant.

In January, 1984, Hasenstab commenced a proceeding in New York State Court under Article 78 of the New York Civil Practice Law and Rules, *Hasenstab v. McGuire,* No. 24831/84 (N.Y.Sup.Ct., July 6, 1984). Hasenstab challenged, as arbitrary and unlawful, the failure of the NYPD to notify

him that he passed the examination making him eligible for promotion to sergeant and its retiring him on the disability pension of a police officer instead of a sergeant. The relief sought in that Article 78 proceeding was appointment to the rank of sergeant retroactively to August 30, 1983 and recomputation of retirement benefits to reflect the salary of a sergeant rather than that of a police officer. Hasenstab did not plead or raise any federal constitutional claims.

In June, 1984, the New York Supreme Court held that based on Section 61 of the New York Civil Service Law, one whose name appears on an eligible list cannot assume that he actually will be promoted. Further, the court held, under Sections 50 and 52, that an individual must be physically fit and capable of performing the duties of a desired position in order to receive the desired promotion. The court held it is within the Police Commissioner's discretion to refuse to promote a police officer who is physically unable to perform full police duty. Failing to notify Hasenstab that he passed the rescored examination before his retirement, the court held, had the effect of refusing to promote him, *Hasenstab*, No. 24831/84 at 3.

Hasenstab argued that the NYPD had in practice promoted all eligible candidates and that another candidate on the list was permitted to return from sick leave, attend the management course in August, and receive a promotion. The court found that no affidavits in support of this were submitted by individuals with first hand knowledge of these allegations and that a review of all the circumstances showed that, "[NYPD's] determination was not arbitrary and capricious and did not constitute an abuse of discretion," *Hasenstab*, No. 24831/84 at 4. In a judgment filed on October 3, 1984, Hasenstab's petition was dismissed and the relief requested was denied.

Hasenstab moved to reargue in state court. The basis for this motion was that in 1977 a sergeant who was on sick leave from the NYPD was promoted to the rank of lieutenant purportedly to afford that sergeant a higher retirement pension. He also alleged that in 1983, three uniformed members of the Police Department were promoted to the rank of detective. In addition, Hasenstab asserted that on the advice of the NYPD's Pension Division, he waived leave time he was entitled to and retired effective August 31, 1983, and that, had he not waived that time, he would have retired on January 15, 1984. Hasenstab did not raise or plead any federal constitutional claims in this motion.

In considering Hasenstab's motion to reargue, the state court held that the information submitted did not provide persuasive new information or the type of affidavits the court requested in its initial decision. The individuals mentioned in petitioner's affirmation were not promoted pursuant to the examination at issue in the proceeding. Those individuals were promoted to lieutenant and detective positions, not to the position of sergeant and their promotions did not take place at a time relevant to the proceeding. Furthermore, the affidavits included no details about the physical condition of a candidate allegedly allowed to return from sick leave to receive his promotion to sergeant. There was no indication whether the physical ailment was similar to the one Hasenstab suffers. The court denied the motion to reargue, *Hasenstab*, No. 24831/84 (N.Y.Sup.Ct. April 10, 1985).

Thereafter, Hasenstab commenced the present action seeking a judgment ordering defendants to reconsider his promotion in accordance with due process of law and for damages and reasonable attorneys' fees.

CITY DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF RES JUDICATA

Under the doctrine of *res judicata*, or claim preclusion, a "final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action." *Federated Department Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). The doctrine "is not a mere matter of practice or procedure ... it is a rule of fundamental and substantive justice, of public policy and of private peace, which should be cordially regarded

and enforced by the courts." *Id.* at 401, 101 S.Ct. at 2429.

In *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court determined that 28 U.S.C. § 1783, which implements the Full Faith and Credit Clause of the United States Constitution, requires that federal courts afford prior state court proceedings the same claim preclusive effect in Section 1983 actions that the state court would afford those proceedings, regardless of whether the issues in the federal action had actually been litigated in the prior state action. As the Court wrote, "Section 1738 embodies the view that it is more important to give full faith and credit to state court judgments than to ensure separate forums for federal and state claims. *Migra,* 465 U.S. at 76, 104 S.Ct. at 893. The job of this court is to examine New York law to determine if Hasenstab's present claim is barred by *res judicata. Migra, Id.*

New York courts use a transactional approach to *res judicata* in determining whether a claim litigated on the merits is precluded by a previous final judgment. *Smith v. Russell Sage College,* 54 N.Y.2d 185, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981). A cause of action arises from the same transaction and is barred by the prior judgment, "where the same foundation facts serve as a predicate for each proceeding" *Matter of Reilly v. Reid,* 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978). This includes all claims that were litigated or could have been litigated at that time. *Obrien v. City of Syracuse,* 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981).

Applying these principles and recent case law to the present action, Hasenstab's claim against the NYPD is barred by *res judicata.* First, under New York's transactional approach, Hasenstab is suing the same parties for a claim based on the same foundation of facts arising from the same transaction. In fact, he is suing the defendants for exactly the same violations and is simply labelling his cause of action differently.

Second, Hasenstab fully litigated his case in state court. There was a full proceeding in state court, *Hasenstab v. McGuire,* No. 24831/84 (N.Y.Sup.Ct., July 5, 1984), and a written decision denying Hasenstab's motion to relitigate, *Hasenstab v. McGuire,* No. 24831/84 (N.Y.Sup.Ct., April 10, 1985). The court denied his motion to reargue after considering the merits of the claim. This is not a case, therefore, in which no prior judicial proceeding was held. *McDonald v. City of West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (Section 1738 does not require that federal courts give preclusive effect to arbitration proceedings since they are not judicial.) New York courts would consider this a fully litigated case decided on the merits and precluded from further litigation by *res judicata.*

Finally, Hasenstab could have raised his constitutional claim in the Article 78 proceedings. Under New York law, this omission precludes Hasenstab from later raising the same issues in federal court. *Gargiul v. Tompkins,* 790 F.2d 265 (2nd Cir. 1986). A constitutional claim in a 1983 action must be raised during Article 78 proceedings. "The reality [is that] the critical facts underlying plaintiff's claim were as available for presentation in court at the time of the [first action] as at any time thereafter", *Gargiul, Id.* at 270. This Court finds no reason in the record to explain why Hasenstab failed to raise his constitutional claims during his Article 78 proceedings.

Hasenstab argues that his Article 78 proceeding to gain a retroactive promotion and concomitant increase in his pension is a different cause of action from his present Section 1983 claim on due process grounds, alleging he was the victim of a NYPD policy and practice to selectively promote persons who are on sick leave.

This argument is without merit under New York law. Hasenstab fails to show the development of new facts bearing on the validity of his due process claim, or that any new injury occurred from a separate transaction. Hasenstab has merely edited his complaint from the state court

proceedings, claiming a due process action for damages to enable him to have another day in court.

Hasenstab also relies on *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986), to argue that his claim is not barred because he could not have obtained full relief in state court. In *Davidson*, the court addressed the issue of whether, under New York law, a judgment in an Article 78 proceeding precludes a later civil rights claim for damages based on the same underlying facts. The court focused on the question of whether the state court in Article 78 proceedings was empowered to award a plaintiff the full measure of damages he sought in the federal action. The Second Circuit, after an analysis of New York law, and in light of *Migra*, found that federal courts should hear later civil rights actions seeking only monetary damages, since Article 78 proceedings generally do not consider collateral issues such as damages. The court, however, did not hold that a state court court considering an Article 78 proceeding did not possess the power to adjudicate federal Constitutional questions. New York law is well settled that a New York state court has such power. *See Gargiul*, 790 F.2d 265; *Unger v. Blum*, 99 A.D.2d 494, 470 N.Y.S.2d 440, 441 (2d Dept. 1984); *Anderson v. County of Suffolk*, 97 A.D.2d 448, 467 N.Y.S.2d 659 (2d Dept. 1983).

In this case, the barriers to relief that concerned the *Davidson* court are not present. Hasenstab was not prevented from raising his federal constitutional claim in the Article 78 proceedings. The only barrier to Hasenstab's constitutional claim was that he could not have recovered damages. In contrast, the plaintiff in *Davidson*, raised his constitutional claim during an Article 78 proceeding, prevailed on the merits, and then proceeded to federal court for a damage claim, which was not obtainable in state court.

If this Court interpreted *Davidson*, as Hasenstab suggests, any plaintiff could withhold a constitutional claim for federal court to ensure a second opportunity to litigate in the event he loses in state court.

The Supreme Court ruled on this in *Migra* when it stated, "Section 1983, however, does not overrule state preclusion law and guarantee [plaintiff] a right to proceed to judgment in state court on [his] state claims and then turn to federal court for adjudication of [his] federal claims", *Migra*, 465 U.S. at 85, 104 S.Ct. at 898. The Second Circuit, in interpreting New York law, also would disallow such a practice, *Gargiul*, 790 F.2d at 265. To date, *Davidson* only has been applied where plaintiffs have won Article 78 proceedings and then moved in federal court on damages claims to get the relief sought in but not offered by the state court. *Giano v. Flood*, 803 F.2d 769 (2d Cir.1986); *Catten v. Coughlin*, 644 F.Supp. 1228 (1986).

Finally Hasenstab argues that under *Lawrence v. McGuire*, 651 F.Supp. 312 (S.D.N.Y.1987), his claim is not precluded by the prior state court judgment. *Lawrence*, however, is readily distinguishable from this case. In *Lawrence*, the plaintiff prevailed under the doctrine of *collateral estoppel* or issue preclusion, and not *res judicata*. The court found that the constitutional issue he raised in the Article 78 proceeding had been raised but not fully litigated in the state forum. In this case, the issue before us is *res judicata*, not *collateral estoppel*, and since the Constitutional question was not raised in the first forum, neither issue or claim preclusion allow further litigation of this suit.

## CONCLUSION

The Court finds that all of Hasenstab's claims fall squarely within the *Migra* and *Gargiul* rule and that since New York law controlled in Hasenstab's prior proceeding New York courts would afford preclusive effect in the context of his present claims.

SO ORDERED.