**William PARKER, Jr., Plaintiff,**

v.

**Richard CORBISIERO, Jr., as Chairman, and Joseph Neglia and Bennett Liebman, as members of the New York State Racing & Wagering Board, Division of Harness Racing, and the New York State Racing & Wagering Board, Defendants.**

**No. 93 Civ. 3610 (GLG).**

United States District Court, S.D. New York.

June 25, 1993.

Law and Rules § 208, but the state legislature specifically amended both rules to erase that provision.

Joseph A. Faraldo, Kew Gardens, NY, for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City (Vincent Leong, of counsel), for defendants.

## OPINION

GOETTEL, District Judge.

### I. FACTUAL BACKGROUND

The present action concerns an alleged violation of plaintiff's Fourteenth Amendment due process rights by parties acting under color of state law, brought under 42 U.S.C. § 1983, and a claim that 9 NYCRR § 4117.4(p) is unconstitutional. Plaintiff William Parker, Jr. is a New York State licensed harness race driver. Defendant New York State Racing and Wagering Board ("the Board") is an administrative agency, created by New York State law, with licensing and disciplinary authority over its horse-racing licensees. Defendant Richard Corbisiero chairs the Board, and defendants Joseph Neglia and Bennett Liebman are members of the Board. Defendants Corbisiero, Neglia and Liebman are being sued in both their individual and official capacities.

On April 26, 1990, plaintiff participated in the seventh race at Yonkers Raceway, finishing last out of a pack of eight horses. Three track judges witnessed the race as it occurred and found plaintiff to have raced with "lack of effort" in violation of 9 NYCRR § 4117.4(p). For this violation, the judges ruled unanimously to suspend plaintiff's racing license for thirty days. The suspension was to begin on May 1, 1990, but it was stayed pending plaintiff's appeal of the decision to the Board.

At the Board proceeding, testimony was given by Presiding Track Judge James Michaels on behalf of the defendants and by Parker himself and the horse's trainer, Frank Bisaccia, for the plaintiff. The race videotape, programs and charts were introduced as additional evidence. Based on the evidence presented, on June 21, 1991 the hearing officer issued his report, recommending that the suspension of plaintiff's license be confirmed. The Board subsequently confirmed the suspension, by Order dated July 1, 1991.

Plaintiff sought to annul the Board's order through a Civil Practice Law and Rules (CPLR) Article 78 special proceeding in the New York County Supreme Court, on the ground that the Order was not supported by substantial evidence. However, due to the nature of the grounds pleaded, the case was transferred to the Appellate Division, First Department, as required by CPLR § 7804(g).

During the pendency of the case, plaintiff allegedly asked defendants' counsel to file the videotape of the race with the Appellate Division for their review in connection with the case. Plaintiff further alleges that defendant "failed and refused" to provide the Appellate Division with the videotape.[1] Plaintiff contends that defendants' failure to provide the Appellate Division with the videotape of the race violated plaintiff's right to the meaningful review of his case necessary to satisfy due process of law. Additionally, plaintiff argues that the Appellate Division's affirmation of the Board's Order in the absence of its prior review of the videotape constituted a denial of his due process rights.

Plaintiff next moved to reargue his case before the Appellate Division, but the court denied the motion. Finally, plaintiff moved before the New York State Court of Appeals for leave to appeal to that court. Plaintiff indicates that he raised the issues involved in the present action before said Court in his motion, but that the Court denied the motion by an Order dated May 4, 1993. Plaintiff contends that the Court of Appeals' denial of leave also constitutes a violation of plaintiff's right to due process under the facts of this case.

Plaintiff now sues for $500,000.00 in incidental, consequential, and compensatory damages, and for plaintiff's costs, disbursements, and attorney's fees in connection with this action pursuant to 42 U.S.C. § 1988. In addition to these monetary remedies, plaintiff seeks to have 9 NYCRR § 4117.4(p) declared unconstitutional and to have the Board's allegedly repetitive practice of failing to provide courts with videotapes of races in cases similar to the present action declared unconstitutional as violating the rights of horse racing licensees to have the degree of meaningful review necessary to satisfy due process of law.

Before the court today are plaintiff's motion for a preliminary injunction, brought by Order to Show Cause, and defendants' cross-motion to dismiss plaintiff's case for lack of subject matter jurisdiction, brought under Fed.R.Civ.P. 12(b)(1). We first address defendants' motion to dismiss.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

■ Defendants bring a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendants basic position is that plaintiff's state court proceedings preclude him from bringing the present action in this court. Before discussing defendants' position in greater detail, we note that federal courts, in adjudicating claims, must give state court judgments the same preclusive effect they would have received under the laws of their *own* state, "regardless of whether or not the issues in the federal action had actually been litigated in a prior state action." *Gargiul v. Tompkins,* 790 F.2d 265, 269 (2d Cir.1986) (citing *Migra v. Warren City School District,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984)). *See also Collard v. Incorporated Village of Flower Hill,* 759 F.2d 205, 207 (2d Cir.) (per curiam), *cert. denied,* 474 U.S. 827, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985) (giving a state judgment preclusive effect in a subsequent federal suit seeking relief under 42 U.S.C. § 1983); 28 U.S.C. § 1738. The present federal action follows a prior New York judgment against plaintiff. Hence, in the remainder of our discussion, New York law will govern our determination of whether plaintiff's prior state actions will preclude his litigation of the claims presently before this court.

---

1. We note that defendants offer evidence plainly contradicting this allegation. Specifically, defendants support their cross-motion to dismiss with a copy of a letter they wrote to the Appellate Division, offering to submit the videotape to the court upon the court's request. Defendants claim this letter was submitted to the court, and that the court simply never requested the tape.

■ Defendants offer two arguments to support their position that plaintiff is precluded from bringing the present action. First, they argue that plaintiff raised the issues presently before this court at the state court level, and that the state courts actually *disposed* of the issues. Thus, defendants argue, plaintiff is barred from relitigating these issues by New York's doctrine of collateral estoppel. Second, even if these issues were not previously raised and disposed of, the New York Appellate Division disposed of the following claim in plaintiff's case: that plaintiff raced with "lack of effort." Hence, they argue, disposition of this claim bars plaintiff from raising additional claims before this court rising out of the same transaction by New York's doctrine of res judicata. Both doctrines have a common objective: the finality of judgments, and they often overlap in a particular case. *See, e.g., Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). We first examine defendants' res judicata argument, and then examine their collateral estoppel argument.

### 1. *Dismissal Based on Res Judicata*

■ Defendants argue that plaintiff's claims are barred by New York's doctrine of res judicata. Generally, res judicata bars parties from raising claims in a present cause of action that either were or *could have been* raised as part of a prior cause of action. New York applies a "transactional approach" to res judicata, maintaining that

> Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.

*O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 367, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981). Under this approach, claims rising out of the same factual grouping are considered part of the same cause of action. *Smith v. Russell Sage College,* 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981); *O'Brien,* 54 N.Y.2d at 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158. Any later claims based on the same factual grouping will be barred if: (1) the claims *could* have been raised in the

initial forum, and (2) the initial forum had the power to award the *full* measure of relief sought in the later litigation. *Fay v. South Colonie Cent. School Dist.,* 802 F.2d 21, 28–29 (2d Cir.1986).

■ The present action involves claims of a due process violation, based on the failure of defendants to provide and the failure of the Appellate Division to review the videotape of the race in which plaintiff was found to have raced with "lack of effort," brought under 42 U.S.C. § 1983, and a claim that 9 NYCRR § 4117.4(p), the regulation making it a violation of law to race with "lack of effort", is unconstitutional. In the former action, before the New York Appellate Division, plaintiff claimed that the Board's ruling that plaintiff raced with lack of effort was not supported by substantial evidence, and that the statute upon which the Board's decision was founded was unconstitutionally applied in his case. It is clear that these claims all stem from the same grouping of facts: the seventh race at Yonkers Raceway on April 26, 1990, in which plaintiff is claimed to have raced with "lack of effort," and the videotape of that race, which was made simultaneously with its running. Thus, the issues presently before this court satisfy the first requirement of New York's doctrine of res judicata: they rise out of the same factual grouping as the issues raised in state court. For the reasons set forth below, determining whether the remaining requirements of New York's res judicata doctrine have been satisfied in the present case is a matter somewhat more involved.

■ Ordinarily, New York courts, as courts of general jurisdiction, have the power to hear all claims a party raises for which a legal remedy is available. However, in hearing plaintiff's claims, New York's Appellate Division was not acting in its "ordinary" capacity. Rather, it reviewed plaintiff's claims in a special proceeding under Article 78 of the CPLR. Suits brought under Article 78 are limited in the scope of the claims permitted and in the forms of the remedies available. Hence, unlike the situation where a state court is acting in its "ordinary" capacity, genuine questions are raised as to whether plaintiff's present claims *could* have been

brought in the state proceeding and could have received the *full* measure of relief sought in the present action. Any of plaintiff's present claims which either could not have been brought, or could not have received the full measure of damages at the state court level, will not be barred by New York's res judicata doctrine.

a. *Could plaintiff have brought his § 1983 claim in the Article 78 proceeding?*

 As the case law makes clear, § 1983 claims related to matters at issue in an Article 78 proceeding can be brought in such proceedings. *See, e.g., Fay,* 802 F.2d at 29, *Gargiul,* 790 F.2d at 271–72, *Unger v. Blum,* 99 A.D.2d 494, 470 N.Y.S.2d 440, 441 (2nd Dep't 1984). However, for such a claim to be brought, the injuries on which the claim is based must have already occurred. Here, the § 1983 claim is for defendants' failure to provide the videotape in the Article 78 proceeding, and the failure of the Appellate Division to agree to review that videotape in the proceeding. The constitutional issue plaintiff is implicitly raising here is that the Appellate Division *must* view the videotape in order to appropriately decide the Article 78 proceeding. This implicit claim is dealt with subsequently. At present, we note that plaintiff had a copy of the videotape and could have supplied it to the Appellate Division had he wished to do so. Nonetheless, to the extent that plaintiff puts forth a claim that it was a constitutional violation for respondent in the Article 78 proceeding *not* to have submitted the videotape during that proceeding, we agree that the claim was not ripe for adjudication until the Appellate Division had issued its decision, and closed out any chance that it might review the videotape before rendering its decision.

 In addition, plaintiff could not have brought his § 1983 claim for the first time when he moved to reargue before the Appellate Division, since the substance of a reargument is limited to only those claims which had been squarely before the court in the

original proceeding. And, of course, plaintiff could not have brought his § 1983 claim for the first time when he motioned for leave to appeal to the Court of Appeals, since claims on appeal would again be limited to only those claims which had been squarely before the court in the original proceeding. Since plaintiff thus could not have brought his § 1983 claim at any point in his state court proceedings, plaintiff is not barred from bringing his § 1983 claim before this court by the doctrine of res judicata.

b. *Could plaintiff have brought his claim that 9 NYCRR 4117.4(p) is unconstitutional in the Article 78 proceeding and would the full measure of damages have been available to him in that proceeding?*

 Plaintiff's claim that 9 NYCRR 4117.4(p) is unconstitutional has two parts: that it is unconstitutional on its face and as applied to him. As the case law clearly indicates, an Article 78 proceeding is an appropriate forum for determining whether or not a statute has been applied to a plaintiff in an constitutional manner. *R & G Outfitters, Inc. v. Bouchard,* 101 A.D.2d 642, 475 N.Y.S.2d 549, 550 (3rd Dep't.1984). Hence, plaintiff *could* have brought his claim that 9 NYCRR 4117.4(p) was unconstitutionally applied in his Article 78 proceeding.[2] In addition, although such a proceeding "is not the proper vehicle to test the general constitutionality" of a statute, *Id.,* 475 N.Y.S.2d at 550–51, a claim regarding a statute's general constitutionality *can* be heard by the court holding the Article 78 proceeding by simply treating the proceeding as a declaratory judgment action. *Id.,* 475 N.Y.S.2d at 551; *Lombard v. Bd. of Ed. of City of New York,* 502 F.2d 631, 636–37 (2d Cir.1974); *see also* CPLR § 103(c). Hence, *both* prongs of plaintiff's claim regarding the constitutionality of 9 NYCRR 4117.4(p) (his "9 NYCRR claim") could have been brought in the initial proceeding.

 The final question, then, is whether or not the full measure of damages plaintiff

---

**2.** In fact, plaintiff concedes this point and agrees that he did raise this claim at oral argument in the proceeding.

presently seeks would have been available to plaintiff on his 9 NYCRR claim in the state court proceedings. For damages to be awarded in an Article 78 proceeding, they must be found to be "incidental to" the primary relief sought in the proceeding and must be such as the party could have recovered in an independent and separate action. CPLR § 7806.

Here, the primary relief plaintiff sought in state court was to have the Order to suspend his racing license reversed because the finding that he raced with lack of effort was not supported by substantial evidence. The essence of plaintiff's present claim that 9 NYCRR 4117.4(p) is unconstitutional is that his driving carefully could not constitute racing with lack of effort. The only relief available for this claim would be to have the statute declared unconstitutional generally, and as applied to him. Relief based on his claim that the regulation had been unconstitutionally applied to him could easily have been granted in the original proceeding, and would have been "incident to" the primary relief sought. In addition, declaratory relief based on his claim that the regulation was unconstitutional on its face would have been available to plaintiff in the original proceeding, by the court's treating the proceeding as a declaratory judgment action.

Based on the foregoing, we find that plaintiff could in fact have brought and received the full relief he now seeks under his 9 NYCRR claim in his prior Article 78 proceeding, but could not have brought his § 1983 claim in that proceeding. Hence, plaintiff is barred from bringing his 9 NYCRR claim, but not his § 1983 claim, before us by New York's doctrine of res judicata.

2. *Dismissal Based on Collateral Estoppel*

Plaintiff's two claims before this court are a § 1983 claim and a claim that 9 NYCRR § 4117.4(p), the statute making it a violation of law to race with "lack of effort", is unconstitutional. As explained above, plaintiff's 9 NYCRR claim is precluded by New York's doctrine of res judicata. In addition, we find that both plaintiff's 9 NYCRR claim and his § 1983 claim are barred by New York's doctrine of collateral estoppel.

Under New York's version of the doctrine of collateral estoppel, issues which have been both litigated and decided adversely against a party in one forum cannot be relitigated by that party in a second forum, so long as disposition of that issue was necessary to the decision. *Winters v. Lavine*, 574 F.2d 46, 57 and 68 n. 24 (2d Cir. 1978). One reason this rule applies to issues first decided in state court and later raised in federal district court, is that district courts have no power to sit in review of state court decisions in civil proceedings, or to substitute their views for those of the state courts in such proceedings. *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970); *accord, Tang v. Appellate Division of the New York Supreme Court, First Dept.*, 487 F.2d 138, 141–43 (2d Cir.1973), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974).

It is clear from the documentation submitted by defendants in support of their motion, to wit: their memorandum of law and attached exhibits (including a copy of plaintiff's notice of motion to reargue before the Appellate Division and the supporting affirmation of plaintiff's attorney), that plaintiff did in fact raise and litigate the issues presently before this court at the state court level. Specifically, plaintiff raised both the issues of 9 NYCRR's general constitutionality and 9 NYCRR's constitutionality in application on several occasions in state court. Additionally, plaintiff raised the issue of whether or not the failure of defendants to provide and the Appellate Division to review the videotape denied him due process of law—the essence of his § 1983 claim—on several occasions in state court. The real questions, then, are whether the issues were actually disposed of by the state courts or whether their disposition was necessary to the courts' decisions. If either of these events are found to have occurred, then defendants will have met the requirements necessary to dismiss plaintiff's claims as a matter of collateral estoppel. *See, e.g., Winters*, 574 F.2d at 57 and 68 n. 24.

■ Taking the events somewhat out of sequence, the last time plaintiff raised the issues now before us in a state court was in his motion for leave to appeal to the New York Court of Appeals. The court denied his motion. Defendants suggest that this court action was sufficient to meet the requirements of New York's collateral estoppel doctrine. We disagree. Plaintiff did not have an appeal as of right to the Court of Appeals. Hence, the court's action, in denying plaintiff leave to appeal without *any* comment, said nothing about the substance of plaintiff's claims. Thus, since the court's action cannot be said to have disposed of the issues plaintiff raised, plaintiff is not collaterally estopped from bringing any of his present claims by virtue of his prior attempt to appeal to the New York Court of Appeals.

■ In contrast, when plaintiff challenged the application of 9 NYCRR 4117.4(p) before the Appellate Division, that court's response did effect his present ability to raise the claim before us now. On that occasion, plaintiff raised the issue of whether 9 NYCRR 4117.4(p) was unconstitutional *as applied* to him. This occurred during plaintiff's initial Article 78 proceeding before the Appellate Division. Plaintiff argues that this issue was, not disposed of by the Appellate Division, since it was not *specifically* mentioned in the court's decision. However, an issue need not have been singled out in a decision for it to have been disposed of by the decision. It can have been decided *sub silentio.* As held by the United States Supreme Court in *Grubb v. Public Utilities Comm'n,* 281 U.S. 470, 477–78, 50 S.Ct. 374, 377–78, 74 L.Ed. 972 (1930) and followed by the Second Circuit Court of Appeals in *Winters,* 574 F.2d at 61, we find that since the issue of whether or not the statute at issue was *unconstitutionally applied* to plaintiff was directly addressed by plaintiff in his argument; it was "necessarily resolved against [him]" by the court's finding that the statute was *correctly applied* to him. Hence, plaintiff is collaterally estopped from relitigating the constitutionality of 9 NYCRR 4117.4(p) as applied to him in this court.

■ In addition, we find that on the one other occasion plaintiff raised issues presently before this court—in his motion to reargue his case before the Appellate Division—that court's response effected plaintiff's ability to raise issues he presently raises under 9 NYCRR and under § 1983. On that occasion, plaintiff raised the issue of 9 NYCRR's constitutionality generally, and as applied. However, with respect to his civil rights claim involving the videotape, his motion to reargue addressed only defendants' failure to provide the videotape to the court, as follows, at paragraph 11:

> ... the Attorney General refused to supply the exhibits to the Court, and no reference is made to the videotape of this race, as part of the court's decision. It is violative of due process to decide such a devastating suspension to one's career and reputation upon less than a complete record.

The Appellate Division responded by denying plaintiff's motion to reargue, giving as its reason that the denial followed its "reading, filing, and deliberating on" the papers submitted in connection with the motion. As above explained, a court decision will not operate as a collateral estoppel unless the issues were disposed of or their disposition was necessary to the court's ruling. Although in the abstract, a court can deny a motion to reargue for many reasons, here plaintiff specifically presented *all* of the issues now before this court as "the" arguments supporting his motion, and the state court specifically stated that its decision was made only after having taken these arguments into consideration. Since the decision states that it took these arguments into consideration, its decision denying the motion necessarily constitutes a response to plaintiff's arguments, indicating that they were unpersuasive. It is true that he did not raise in either his initial proceeding or in his motion to reargue that the Appellate Division *must* view the videotape before making its decision, but we find such an argument to be frivolous. The Appellate Division is in no position to make factual findings concerning the efforts plaintiff made in a race based on a videotape. More importantly, to the extent plaintiff is implicitly claiming such an argument, he failed to raise that argument before the Appellate Division, and he could have done so. Under these circumstances, we find that the issues plaintiff raised were necessar-

**58**

ily disposed of by the state court's decision to deny plaintiff's motion. Hence, plaintiff is collaterally estopped from bringing all issues presently before this court.

Since plaintiff is thus precluded from bringing any of the matters presently before this court, by virtue of New York's doctrines of res judicata and collateral estoppel, defendants' motion to dismiss plaintiff's case for lack of subject matter jurisdiction is granted.

B. Plaintiff's Motion for a Preliminary Injunction

Plaintiff moves this Court for a Preliminary Injunction (1) to enjoin enforcement of plaintiff's thirty day license suspension during the pendency of this action, (2) to enjoin enforcement of 9 NYCRR § 4117.4(p) during the pendency of this action and to have it declared unconstitutional, and (3) to enjoin the Board's allegedly repetitive practice of failing to provide the courts with a videotape of the races in cases similar to the present action and to have the Board's practice declared unconstitutional as violative of plaintiff's right to due process of law. However, since we have dismissed plaintiff's case, plaintiff's motion for a preliminary injunction is rendered moot.

Thus, in summary, defendants' motion to dismiss is granted and plaintiff's motion for a preliminary injunction is denied.

SO ORDERED.