**Ricardo A. DiROSE, Plaintiff,**

v.

**Patricia O'CONNOR, Defendant.**

No. 93–CV–7951.

United States District Court,
W.D. New York.

Sept. 14, 1998.

Ricardo A. DiRose, pro se.

Jerry McGrier, Sr., Assistant Attorney General, Buffalo, NY, for defendant.

## DECISION AND ORDER

SIRAGUSA, District Judge.

## INTRODUCTION

Plaintiff, Ricardo A. DiRose, filed this action in 1993, seeking relief under 42 U.S.C. § 1983. He sought a temporary restraining order, preliminary injunction, jury trial, damages, and a declaratory judgment regarding his allegation that the defendant unlawfully interfered with his correspondence to an inmate in another New York State correctional facility. Defendant has moved to dismiss Plaintiff's complaint on the ground that it is barred by the doctrine of collateral estoppel. In addition, Plaintiff has filed a motion seeking an order directing copies of papers be filed on a third-party, to compel respondents to produce documents, and for the appointment of counsel. Because the Court finds that the doctrine of collateral estoppel does apply in this case, defendant's motion is granted and Plaintiff's motions are dismissed as moot.

## DISCUSSION

As related by former Assistant Attorney General Douglas Cream, in his affidavit [document # 11] filed on September 19, 1994,

the gravamen of plaintiff's complaint is that he has been denied the opportunity to correspond with a friend who is also a co-defendant in the criminal acts for which they both have been convicted and incarcerated in the custody of the New York State Department of Correctional Services. Plaintiff alleges that the interference with his correspondence constitutes a violation of his federally protected rights.

As Plaintiff alleges in his supplemental statement [document # 9] and as defendant concurs in his affidavit, Plaintiff commenced a special proceeding in April of 1993 in New York State Supreme Court, Erie County, complaining that defendant was interfering with his correspondence with his friend and co-defendant identified as Steve Ricky, 92–A–3259. In the verified petition filed with Supreme Court, Erie County, Plaintiff alleged the same situation as is alleged in his complaint and supplemental statement in the federal case, which was transferred to the undersigned on February 4, 1998, and is pending before this Court. Plaintiff's New York CPLR Article 78 proceeding was decided on November 8, 1993. Supreme Court Justice Peter Notaro held,

[p]etitioner herein has failed to demonstrate that administered remedies have been exhausted or that the alleged denial of privileges was beyond the reasonable exercise of the supervisory authority of the Correctional Facilities.

Justice Notaro denied the petition. Plaintiff moved for reconsideration, and that, too, was denied on January 18, 1994. *See,* Defendant's Notice of Motion to Dismiss [document # 11](Exhibit # 1, # 2 & # 3).

Plaintiff filed with this Court a copy of *Davidson v. Capuano,* 792 F.2d 275 (2d Cir., 1986). In that case, the Second Circuit held that after prevailing in a state court proceeding under Article 78, the petitioner was not barred by collateral estoppel from seeking monetary relief in a civil rights claim filed in Federal District Court. Although at first glance, it would appear that the Second Circuit case is controlling here, it is distinguishable. The case before this Court more closely resembles the situation in *Hasenstab v. City of New York,* 664 F.Supp. 95 (S.D.N.Y., 1987), and *Hasenstab v. City of New York,* 1994 WL 389183 (S.D.N.Y., 1994), aff'd. 100 F.3d 942 (2d Cir.1996), *cert. den.* —— U.S. ——, 117 S.Ct. 390, 136 L.Ed.2d 306 (1996). As stated in the first federal *Hasenstab* case,

[u]nder the doctrine of *res judicata,* or claim preclusion, a "final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action." *Federated Department Stores v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

*Hasenstab v. City of New York,* 664 F.Supp., at 97. The plaintiff in *Hasenstab* also relies on *Davidson v. Capuano* to argue that his federal claim was not barred by the state court adjudication because he could not have obtained monetary damages in the Article 78 proceeding. *See, Hasenstab,* 664 F.Supp., at 99. Addressing the Second Circuit's decision

**140**

in *Davidson,* Judge Crane of the Southern District of New York wrote,

> The court, however, did not hold that a state court considering an Article 78 proceeding did not possess the power to adjudicate federal Constitutional questions. New York law is well settled, that a New York State court has such power.

*Hasenstab,* 664 F.Supp., at 99. As in *Hasenstab,* Plaintiff, "is suing the same parties for a claim based on the same foundation of facts arising from the same transaction." *Hasenstab,* 664 F.Supp., at 98. Plaintiff's claims in his state court proceeding are precisely the same claims he makes in this proceeding. As in *Hasenstab,* Plaintiff, "fully litigated his case in state court." *Hasenstab,* 664 F.Supp., at 97. Plaintiff's case in state court was fully briefed and the court issued a written decision both denying the claim initially and upon reconsideration. *See, In the Matter of DiRose v. Herbert* (N.Y. Sup.Ct., Index # 6993–93, Nov. 8, 1993) and *In the Matter of DiRose v. Herbert* (N.Y. Sup.Ct., Index # 6993–93, Jan. 18, 1994). The New York court fully considered Plaintiff's arguments that Department of Corrections employees, "at Collins Correctional Facility, are purposely, illegally, and maliciously harassing petitioner and his co-defendant friend by stopping, ceasing, delaying and returning mail addressed to or from either petitioner or Steve Ricky, depriving them of their state and federal right to 'unfettered' communications." Verified Petition, *In the Matter of DiRose v. Herbert,* (N.Y.Supp.Ct., Index # 6993–93, April 27, 1993), at ¶ 4. Plaintiff's case is, therefore, distinguished from *Davidson,* in that Davidson secured a victory in state court and sought merely to extend the amount of relief available to him for that victory, whereas, Plaintiff has lost on the merits in state court and seeks now to relitigate the merits in federal court. *Davidson* does not support Plaintiff's position.

In view of the foregoing, it is hereby

ORDERED, that defendant's motion to dismiss the complaint upon the ground that it is barred by the doctrine of collateral estoppel [document # 11] is granted, and it is further

ORDERED, that Plaintiff's motion for an order directing copies of papers filed with the Court be mailed to a third-party [document # 14], Plaintiff's motion to compel respondent to produce documents [document # 20], and Plaintiff's motion for the appointment of counsel [document # 28] are denied as moot.

IT IS SO ORDERED.