■ In the Matter of CORALIE RYAN, Individually and on Behalf of Her Minor Child, PHILIP RYAN, Petitioner, v. NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.— Proceeding pursuant to article 78 of the CPLR, *inter alia*, to annul a determination of respondent New York State Department of Social Services, dated June 7, 1972, which, after a fair hearing, affirmed a prior determination of respondent Nassau County Department of Social Services, dated May 15, 1972, discontinuing public assistance payments to petitioner for the benefit of her minor child on the ground that petitioner had failed to comply with a request to assign an interest in a decedent's estate. Petition granted; determinations of both respondents annulled, on the law, without costs; and assistance for the benefit of petitioner's child directed to be reinstated, retroactively from June 7, 1972, the date of the fair hearing determination. A recipient of public assistance must "have timely and adequate notice detailing the reasons for a proposed termination" (*Goldberg* v. *Kelly*, 397 U. S. 254, 267–268; see, also, 18 NYCRR 358.8 [a]). To the extent that the fair hearing determination may have been predicated upon an overpayment having been made, that determination cannot be sustained, since it is premised on a ground not set forth in the notice of discontinuance. Insofar as the determination may have been based on a finding that petitioner had failed to comply with a written request that she assign her interest in her deceased daughter's estate to respondent Nassau County Department of Social Services, we conclude that such a finding was not supported by the record. The hearing officer properly refused to allow respondents to introduce into evidence a copy of a letter dated February 16, 1972 allegedly mailed to petitioner requesting that she assign such interest (cf. Fisch, New York Evidence, § 1138; *Gardam & Son* v. *Batterson*, 198 N. Y. 175; *Aetna Ins. Co. of Hartford, Conn.* v. *Millard*, 25 A D 2d 341). Accordingly, there was no basis for the finding that the letter in fact had been sent or that petitioner had failed to comply therewith. Even if it be determined that petitioner had improperly refused to comply with the local agency's demand, such conduct, in light of the fact that there was no indication in the record of a present lack of need, could not deprive petitioner's minor child of the assistance he was entitled to receive (*Payne* v. *Sugarman*, 39 A D 2d 720). Hopkins, Acting P. J., Martuscello, Gulotta and Benjamin, JJ., concur; Munder, J., concurs, under constraint of *Payne* v. *Sugarman*, (39 A D 2d 720).