In the Matter of CARMEN SKERRET, Petitioner, v STEPHEN BERGER, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated March 18, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent city commissioner to discontinue public assistance benefits to petitioner and her children, in the category of aid to dependent children, on the ground that petitioner was the co-owner of the house in which she resided and had concealed the fact that she was married. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to continue the grant to petitioner and her children. The record shows that the determination after the fair hearing

was based partly on a ground not set forth in the notice of discontinuance, and, to that extent, cannot be sustained (see *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867). Insofar as the determination was based upon petitioner's purported ownership of the house, the determination was not sustained by substantial evidence. The facts are identical to those in *Matter of Payne v Sugarman* (31 NY2d 845) and *Matter of Ridgel v Lavine* (77 Misc 2d 21, affd 43 AD2d 831), in that petitioner did not contribute any money towards the down payment and purported to be the true owner's wife merely for the purpose of helping him to obtain a mortgage. Under these circumstances she cannot be deemed to be an owner of the property. Furthermore, even if the determination that she was the owner of the property were to be sustained, there has been no showing of present lack of need which would authorize the commissioner to deprive petitioner's minor children of the assistance which they are entitled to receive (see *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867, *supra).* Latham, Margett, Damiani and Titone, JJ., concur; Martuscello, Acting P. J., concurs in the annulment of the determination as to the petitioner's children, but otherwise dissents and votes to confirm the termination of the grant to petitioner individually, with the following memorandum: I concur with the majority solely to the extent of continuing public assistance to petitioner's children, but I would discontinue it as to petitioner, inasmuch as she is the record owner of income-producing property which is an asset which should be made available to the Department of Social Services. Ownership of such title has present economic value (see *Matter of Payne v Sugarman,* 31 NY2d 845, 847 [Breitel, J., dissenting]). Furthermore, this case is distinguishable from *Payne v Sugarman (supra)* in that the petitioner there sought aid only for her needy children, but, in the case at bar, the petitioner seeks aid for herself as well. Under these circumstances, we should discontinue all of her public assistance benefits.