■ In the Matter of CHRISTINE DAVIS, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated May 22, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency reducing petitioner's grant of home relief to recover certain alleged overpayments of assistance. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reimburse petitioner for any moneys recouped from her grant of public assistance pursuant to the determination of the local agency. There is no substantial evidence in the record that petitioner, in fact, had an ownership interest in the real property in question (see *Matter of Skerret v Berger,* 55 AD2d 915; cf. *Matter of Payne v Sugarman,* 31 NY2d 845). Therefore, the local agency was not entitled to make a recoupment from petitioner's grant, pursuant to 18 NYCRR 348.4, for assistance erroneously provided because any information withheld from the agency by petitioner did not result in her receiving any public assistance to which she was not entitled. We add that even if we were to uphold the recoupment, we could not, on this record, affirm so much of the determination as found that the local agency could properly recoup, over time, the full amount of public assistance received by petitioner during the period in which she allegedly had an ownership interest in the property. The respondent State commissioner contends that such an action is proper because the value of petitioner's interest in the property was equal to or greater than the amount of assistance received by her in the relevant period and that the petitioner's concealment of her ownership interest prevented the local agency from placing a lien against that interest, pursuant to section 106 of the Social Services Law, before the mortgage on the property was foreclosed and the property sold at public auction. Thus, she contends, the local agency should be able to recover through recoupment what is was prevented from recovering by placement and enforcement of a lien. However, 18 NYCRR 348.4, the authority invoked by the State commissioner for upholding the

recoupment, does not authorize recoupment as a substitute method for enforcement of the local agency's rights under section 106 of the Social Services Law. It merely authorizes recovery of the amount of assistance wrongly received by the recipient as a result of willful withholding of information. Moreover, if we were to assume that the local agency would have directed petitioner to liquidate her purported interest in the property, after being informed of it, which is doubtful under the circumstances of this case, and that such liquidation would have provided petitioner with resources sufficient to obviate her need for public assistance, there is not sufficient evidence in the record concerning the value of petitioner's interest. Thus, there is no factual basis in the record upon which to determine the amount of public assistance which petitioner received that she would have been ineligible to receive had she liquidated her interest in the real property in question. If, as an alternative to liquidation, the local agency had permitted petitioner to retain her interest in the property, it would not have discontinued her assistance but would have merely placed a mortgage lien against her interest in the property or taken a deed to that interest subject to redemption (see Social Services Law, § 106), and would have provided petitioner with a shelter allowance to meet her share of the carrying charges (see 18 NYCRR 352.4 [b]). Although, under the circumstances of this case, the amount of that shelter allowance would probably have been less than the rental allowance that was, in fact, provided to petitioner, it would still have been significant. Moreover, petitioner's grant for needs other than shelter would have remained the same. Thus, under this alternate assumed state of facts, recoupment of all of the public assistance received by petitioner during the relevant period would also be improper. To the extent that the State commissioner seeks to uphold the challenged action on the ground that petitioner failed to apprise the local agency of the presence of a man in her household, it is sufficient to note that this ground was not stated in the local agency's notice to petitioner and is invoked by the State commissioner for the first time in this court. Accordingly, it may not be relied upon to uphold the challenged determination (see *Matter of Ryan v New York State Dept. of Social Servs.*, 40 AD2d 867). In light of our disposition of this case, we need not address petitioner's remaining contention. Mollen, P. J., Margett, O'Connor and Weinstein, JJ., concur.