In the Matter of CARMEN SANTIAGO, Appellant, v STANLEY BREZENOFF, as Commissioner of the New York City Department of Social Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services which, after a statutory fair hearing, affirmed a determination of the local agency to reduce petitioner's public assistance grant to recover alleged overpayments, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated November 7, 1979, as dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and petition granted to the extent that the determination is annulled and the matter is remitted to the respondents for further proceedings consistent herewith. In February, 1975, claiming that her husband had abandoned her and their son, the petitioner applied for public assistance. Her application was granted and she received a regular recurring grant of aid. The grant was for her alone since her son was disabled and received supplemental security income. On June 10, 1978 the local agency decided to discontinue assistance to the petitioner on the ground that her husband was residing in her household. The petitioner challenged that determination but, after a fair hearing, the State commissioner affirmed. The petitioner did not then seek judicial review of the adverse ruling. Instead, she apparently reapplied for public assistance, alleging that her husband now resides in Puerto Rico. That allegation is not here at issue, for the local agency granted the petitioner's application and budgeted her for a regular recurring semimonthly grant of $107. The question on this appeal concerns the subsequent determination of the local agency, affirmed by the commissioner after a fair hearing, that the petitioner's present grant should be reduced to permit

recoupment of the entire amount of assistance she previously received. Her grants were ordered reduced by 10% until recoupment was had of the sum of $5,061, representing the total aid received by the petitioner during the three-year period when her husband was allegedly living with her. To establish that the petitioner's husband was residing in her household for the period in question, the agency relied on proof submitted at the earlier fair hearing. As recounted in the commissioner's opinion herein, that proof established "that the husband received income from Unemployment Insurance Benefits of $85.00 weekly from October 9, 1977 through March 5, 1978; that the husband was receiving his mail and his Unemployment Insurance Benefits at [petitioner's] address; that the utility services at [petitioner's] home were billed to her husband; that [petitioner's] husband was employed until about September, 1977 and filed his income tax returns showing [petitioner's] address as his place of residence for that year on which he claimed four dependents; that [petitioner] signed a joint income tax return with her husband; and that [petitioner] and her husband had a joint savings account opened in December, 1977 with a balance as of March 17, 1978 of $686.93 on which [petitioner] used the assumed name, Buena Ventura Medina." At the fair hearing, the agency's representative explained the reason recoupment was sought of the entire amount of assistance received. She said: "We feel that had the [petitioner] provided us with the information relating to her husband's income, that since she was just receiving assistance for herself that she *probably* should not have been eligible for assistance at all and therefore, the reason that we are recouping the entire amount of assistance that she received because of the fact that no information to the contrary was submitted to us to establish that the income was less than the amount of public assistance granted during this period." (Emphasis supplied.) For her part, the petitioner denied that her husband lived with her during the period in question. She testified that her husband had contributed $15 per week for the support of their son, but she claimed that the agency has "always known that he gives that money to the child." She acknowledged that her husband had received his unemployment check at her address, but insisted that he picked it up, not at her apartment, but at the store below which had the same address and which was run by friends. A notarized statement to that effect by the owner of the store was offered and received in evidence. In affirming the local agency's decision to reduce the grants, the commissioner discredited the petitioner's testimony and found that the credible evidence established that the petitioner's husband "resided in her home during the entire period in question and that he had sufficient income and resources to meet his family's public assistance needs during that period." In the subsequent article 78 proceeding, Special Term held that the commissioner's determination had a rational basis in the record and, accordingly, the court dismissed the petition. We disagree with Special Term's conclusion and remit the matter for further proceedings. There is no evidence in the record demonstrating that, contrary to the testimony of the petitioner, her husband did in fact provide support to her beyond the acknowledged $15 per week for their son. And even if the evidence permits the inference that the husband was contributing to the petitioner's support, there is nothing to suggest that the contribution amounted to the sum sought to be recouped. Indeed, the only amounts spoken of in the commissioner's opinion were $85 weekly unemployment checks received from October 9, 1977 through March 5, 1978, and a joint bank account containing $686.93. We recognize that these cases present difficulties in proof for both the agency and the recipient. (See, e.g., *Matter of Hagood v Berger,* 42 NY2d 901, 902.) Nevertheless, a determination may not be sustained when it rests upon speculation and surmise. (See *Matter of Paulsen [Catherwood],* 27 AD2d 493, 495; *Matter of*

*Stanco v Toia,* 59 AD2d 946.) We find that to be the case here and we conclude, therefore, that the determination at bar is not supported by substantial evidence. Upon the remand, the local agency will have the opportunity to demonstrate that the petitioner was in fact being supported by her husband and to show with more precision the amount of that support, if any. Moreover, the record does not indicate that the agency made the factual analysis necessary to determine whether the 10% grant reduction ordered will create an undue hardship for the petitioner. (See *Matter of Brennin v Kirby,* 79 AD2d 396; see, also, *Matter of Lajara v Berger,* 47 NY2d 792, 794.) Such a determination should also be made upon the remand. Mollen, P.J., Hopkins, Damiani and Titone, JJ., concur.