■ In the Matter of ETHEL CONNOR, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State commissioner, dated October 29, 1980, as affirmed the determination of the local agency insofar as it discontinued petitioner's public assistance grant. Determination confirmed insofar as reviewed, and proceeding dismissed on the merits, without costs or disbursements. The record contains substantial evidence to support the commissioner's determination to discontinue assistance to the petitioner (but not to her children). Weinstein, Thompson and Rubin, JJ., concur.

Gibbons, J. P., dissents and votes to grant the petition to the extent of annulling the determination of the respondent State commissioner insofar as it affirmed the local agency's determination to discontinue petitioner's public assistance grant, and to remit the matter to the State commissioner for a new fair hearing and determination, to be initiated upon proper notice to petitioner of the intent to discontinue her assistance, charging possession of assets in excess of the allowable amount for public assistance and for willfully withholding information regarding her resources from the agency in violation of 18 NYCRR 351.1 and 352.15 or such other charges that petitioner will be called upon to meet. A notice that a welfare recipient's grant is to be terminated or reduced is required by regulation to inform such individual "of the issues which are to be the subject of the hearing" (18 NYCRR 358.11 [e]). A fair hearing determination terminating or reducing an assistance grant which, as here, is based upon alleged factual grounds or the violation of regulations not set forth in the notice of intent to terminate benefits may not be sustained. In the instant matter, although the notice was wholly devoid of any reference to a claimed violation of the State regulation requiring disclosure of a recipient's resources, the determination herein was based, *inter alia,* upon such ground. This court in *Matter of Colon v Blum* (81 AD2d 637, 638) in defining the required specificity of such notice, held as follows: "A recipient of public assistance must have timely and adequate notice regarding a proposed discontinuance of assistance, including details of the reasons for the proposed action (18 NYCRR 358.8 [a]); the notice must also inform the recipient of the issues which are to be the subject of the hearing (18 NYCRR 358.11 [e]). A notice specifying the wrong charge as the basis for a reduction in benefits does not comply with the regulatory standard, nor with the constitutional standards of due process (see *Cruz v Lavine,* 45 AD2d 720)." In view of the constitutional deficiency of the notice in failing to adequately advise the petitioner of all the issues which were to be the subject of the hearing, the determination made was wholly without legal effect, and it would be inappropriate to now consider any of the questions of fact in the matter (see, e.g., *Matter of Skerret v Berger,* 55 AD2d 915; *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867).