■ In the Matter of MARY KLAPAK, Appellant, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. (And a Second Proceeding.) — In proceedings pursuant to CPLR article 78 to review two determinations of the State Commissioner of the Department of Social Services which affirmed determinations of the local agency to adjust petitioner's Medicaid authorization to reflect excess income, the petitioner appeals from two judgments of the Supreme Court, Suffolk County, entered February 17, 1982 (Murphy, J.), and July 1, 1982 (Burke, J.), respectively, which dismissed the proceedings. Judgments reversed, on the law, without costs or disbursements, petitions granted to the extent that the determinations are annulled, respondents are directed to disregard petitioner's "aid and attendance" allowance in determining her eligibility for Medicaid, and to reimburse petitioner and her creditors for liabilities incurred as a result of respondents' erroneous inclusion of the "aid and attendance" allowance in her income, and matter remitted to the Supreme Court, Suffolk County, for a hearing to determine reasonable attorney's fees. In these proceedings, petitioner challenges respondents' inclusion of her "aid and attendance" allowance in her income for the purposes of determining her eligibility for Medicaid. Petitioner receives Social Security disability benefits and a Veterans' Administration Widow's Pension. The Veterans' Administration pension includes a supplemental allowance for "aid and attendance". In the proceedings at Special Term, the State commissioner acknowledged that the "aid and attendance" allowance is excluded from income under Federal regulations, but contended that, since the State of New York terminated its agreement with the Social Security Administration to administer the State Medical Assistance Plan, it was no longer bound by Federal regulations. However, petitioner correctly notes that, on or about August 13, 1980, the State commissioner agreed that, with some exceptions (not applicable here), all conditions of eligibility of the Supplemental Security Income (SSI) program would be applied in determining the Medicaid eligibility of aged or disabled persons. Section E 00830.161 of the Program Operations Manual System published by

the Office of Operational Policy and Procedures of the Social Security Administration, provides, in part, that "[a]id and attendance allowances are excluded from income effective October 1, 1976, under the policy on medical and social services." Thus the "aid and attendance" allowance is not considered "countable" income in determining eligibility for SSI. Therefore, respondents erred when they included petitioner's "aid and attendance" allowance in determining her eligibility for Medicaid. On appeal, respondents raise a new contention, namely, that the "aid and attendance" allowance constitutes a liability of a third party to pay for services that Medicaid would otherwise have to pay for and must, as such, be treated as an available resource to be utilized by the recipient. A person is considered in need of regular aid and attendance if he or she is, *inter alia,* "helpless or blind, or so nearly helpless or blind as to need or require the regular aid and attendance of another person" (see US Code, tit 38, § 502, subd [b]). The statute does not state that such "aid and attendance" can only be granted for services which are medical in nature. Therefore, this belatedly raised contention is also without merit. Accordingly, respondents are directed to disregard petitioner's "aid and attendance" allowance in determining her eligibility for Medicaid, and to reimburse petitioner and her creditors for liabilities incurred as a result of respondents' erroneous inclusion of the "aid and attendance" allowance in her income. Inasmuch as the petitioner has been successful on her claim which is cognizable under section 1983 of title 42 of the United States Code, there is, on the record before us, a valid basis for an award of counsel fees, provided that no special circumstances exist which would warrant a denial of the fee. The fact that counsel for the petitioner is a law services committee is not such a special circumstance (*Matter of Johnson v Blum,* 58 NY2d 454). Whether any other circumstance exists which would qualify as a special circumstance requiring denial of a fee should be determined on remittitur to Special Term. Accordingly, the matter is remitted to Special Term to afford respondents an opportunity to demonstrate whether any special circumstances exist which would preclude an award of attorney's fees, and, if not, to fix the amount of a "reasonable attorney's fee" to be awarded to counsel (see *Matter of Rahmey v Blum,* 95 AD2d 294). Gibbons, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.