■ In the Matter of MARY MISURACA, Respondent, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the State Commissioner, dated January 10, 1984, and made after a statutory fair hearing, as affirmed so much of a determination of the local agency as denied the petitioner a shelter allowance, which proceeding was settled by stipulation, (1) the State Commissioner and the local Commissioner separately appeal from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated November 30, 1984, which awarded attorney's fees to the petitioner, and (2) the State Commissioner appeals from an order of the same court, dated February 19, 1985, which denied his motion for reargument.

Appeal from the order dated February 19, 1985, dismissed, without costs or disbursements. No appeal lies from an order denying reargument.

Order dated November 30, 1984, reversed, on the law, without costs or disbursements, and application for attorney's fees denied.

Special Term granted the petitioner's application for an award of attorney's fees in this CPLR article 78 proceeding on the basis that she was the "prevailing party" in an action brought pursuant to 42 USC § 1983 *(see,* 42 USC § 1988). However, only the petitioner's "Fourth Claim" alleged a violation of her Federal constitutional right to due process of law, and, thus, only her "Fourth Claim" is cognizable under 42 USC § 1983.

Initially, we note that if the petitioner had established by means of a stipulation of settlement, that her due process rights had been violated, she would not be prevented from being considered a prevailing party and her right to obtain attorney's fees would not be abrogated *(see, Matter of Haussman v Kirby,* 96 AD2d 244, 246).

Here, however, the petitioner raised a Federal due process claim in conjunction with several State claims which are not

subject to an award of attorney's fees. The stipulation of settlement was based upon the State claims.

Fees may also be awarded even though relief is awarded on State grounds if the petitioner seeks relief on both State grounds and Federal constitutional grounds and the Federal constitutional claim is not addressed because a nonconstitutional claim is dispositive *(Matter of Johnson v Blum,* 58 NY2d 454, 458, n 2). Under such circumstances, if the constitutional claim meets the two-pronged *Gibbs* test *(see, Mine Workers v Gibbs,* 383 US 715), fees may be awarded *(see, Matter of Johnson v Blum, supra,* at p 458, n 2). The same test may be applied here where a stipulation between the parties settles the State claims without conceding liability on the Federal constitutional claim. The question to be resolved is the same, i.e., does the Federal claim have merit. "The *'Gibbs* test' (see *Mine Workers v Gibbs,* 383 US 715, 725) is the same as the test for pendent jurisdiction. It permits an award of attorney's fees if (1) the Federal claim has substance sufficient to confer subject matter jurisdiction and (2) the Federal and non-Federal claims 'derive from a common nucleus of operative fact.' The test for substantially is set forth in *Hagans v Lavine* (415 US 528, 537-538) which held that a Federal court is without jurisdiction only if the claim is 'wholly insubstantial', 'obviously frivolous' or 'obviously without merit' " *(Matter of Johnson v Blum, supra,* at p 458, n 2).

Here, the petitioner challenged the State Commissioner's decision rendered after a fair hearing which affirmed the local agency's determination not to issue a shelter allowance to the petitioner because she resided with her stepfather (who was divorced from her mother). The petitioner's "Fourth Claim" alleged a due process violation by virtue of the fact that the local Commissioner failed "to take such action to assure that the person who made the determination to reduce petitioner's ADC grant [appeared] at the administrative fair hearing", a violation of 18 NYCRR 358.9. There were no factual issues at the fair hearing regarding the petitioner's claim for a shelter allowance. However, a shelter allowance was denied based upon the definition of stepparent which is applicable only when the stepparent is the recipient of Aid to Dependent Children. The correct definition, applicable where the stepchild, not the stepparent, is the recipient, does not include a divorced stepparent.

There are several cases on point which render the petitioner's constitutional claim wholly without merit. First, failure to comply with State regulations, without more, does not impli-

cate an interest secured by the laws of the United States. "[E]very precedent * * * has involved allegations of a specific conflict between a state plan or practice on the one hand and a federal mandate on the other" *(Oberlander v Perales,* 740 F2d 116, 119). The Federal mandate relied upon by the petitioner is that of *Goldberg v Kelly* (397 US 254) which requires notice and opportunity to be heard prior to termination of welfare benefits. Regarding confrontation, the court stated, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses" *(Goldberg v Kelly, supra,* at p 269). Delineating the reach of its decision, the court also stated: "This case presents no question requiring our determination whether due process requires only an opportunity for written submission, or an opportunity both for written submission and oral argument, where there are no factual issues in dispute or where the application of the rule of law is not intertwined with factual issues" *(Goldberg v Kelly, supra,* at p 268, n 15). In the case at bar the dispute turned on whether the petitioner's stepfather was legally obligated to support her. The facts were not in dispute. As noted, denial of a shelter allowance was based upon an erroneous application of the definition of stepparent. Thus, the requirement of an opportunity to cross-examine outlined in *Goldberg v Kelly (supra)* is not applicable here. As stated in *Matter of Vickers v Lavine* (56 AD2d 731) "failure to produce * * * 'the person who made the determination * * *' (see 18 NYCRR 358.9 [g])" did not violate due process where "the material facts of the case were undisputed and only the legal conclusion to be drawn from the facts was in issue" *(Matter of Vickers v Lavine, supra,* at p 732).

Accordingly, the petitioner's claim was "nominal" pursuant to 42 USC § 1983 and not substantial and she was not entitled to an award of attorney's fees pursuant to 42 USC § 1988 *(cf. Matter of Cowan v Board of Educ.,* 99 AD2d 831, 834). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.