■ In the Matter of LILLIAN TORRES, Appellant, v CESAR PERALES, as New York State Commissioner of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Social Services dated November 16, 1984, which, inter alia, after a fair hearing, affirmed a determination of the local agency to reduce the petitioner's grant of Aid to Families with Dependent Children (hereinafter AFDC) in order to recoup an alleged overpayment of $3,042.75, the petitioner appeals from so much of a judgment of the Supreme

Court, Kings County (Morton, J.), dated May 22, 1985, as denied that branch of the petition which was for review of that portion of the determination which permitted recoupment of the petitioner's AFDC benefits.

Appeal dismissed, and so much of the judgment as is appealed from is vacated.

Determination annulled insofar as reviewed, on the law, that branch of the petition which sought review of so much of the State Commissioner's determination as permitted recoupment of the petitioner's AFDC benefits granted, the respondent local agency is directed to cease recouping any such benefits and to restore any such benefits previously recouped, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The petitioner is awarded one bill of costs.

Since the petitioner contends that that portion of the State Commissioner's determination as is under review was not supported by substantial evidence, the matter should have been transferred to this court for determination in the first instance. However, treating the case as though it had been properly transferred and disposing of the issue de novo (see, Matter of De Vonish v Scully, 115 AD2d 649), we find that the recoupment of the alleged overpayments made to the petitioner was arbitrary and capricious and not supported by substantial evidence.

The respondents argue that they are entitled to recoup the amount of $3,042.75, which represents the amount of AFDC benefits paid to the petitioner between July 29, 1983, when the petitioner was married, and April 10, 1984. Although the respondents' attempt to recoup said sum is based on the petitioner's alleged failure to inform the respondents of her marriage, there is no proof whatsoever that such failure to disclose actually resulted in any overpayment (see, 18 NYCRR 348.4; Matter of Davis v Blum, 81 AD2d 834; Matter of Pao Ching Chan v Blum, 75 AD2d 732). There is no evidence at all that the petitioner's husband provided any support to her or her child (cf. Matter of Santiago v Brezenoff, 82 AD2d 863; Matter of Williams v Blum, 73 AD2d 952). Indeed, the uncontradicted testimony of the petitioner establishes that her husband does not even reside with her or her dependent child.

Further, as noted by Special Term, the determination under review was erroneous and violative of public policy in that it ordered the reduction of an AFDC grant, the primary purpose of which is to protect a needy child, in the absence of any

showing that the child's needs had diminished *(see, Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Revis v D'Elia,* 101 AD2d 863).

In light of the foregoing, we also find that the petitioner is entitled to an award of counsel fees, since she has prevailed in this proceeding to secure a Federally guaranteed right *(see,* 42 USC §§ 1988, 1983). Specifically, the AFDC program is Federally sponsored *(see,* 42 USC § 601 *et seq.).* The petitioner's child is a dependent child as defined by Federal law *(see,* 42 USC § 606 [a]) and is therefore eligible for such benefits. Federal law requires a State which adopts the AFDC program to provide benefits to all eligible persons (42 USC § 602 [a] [10]), and such a State may not limit eligibility to or impose restrictions on AFDC benefits in any manner which does not comport with Federal law *(see, King v Smith,* 392 US 309). Both Federal (42 USC § 602 [a] [31]) and State (18 NYCRR 352.14 [a] [2]) regulations allow consideration of a portion of a stepparent's income in determining the child's needs, if such stepparent lives in the same home as the child. However, there is no presumption that a stepparent who does not reside with the child provides any support to the child (18 NYCRR 352.14 [a] [3]). Both Federal (45 CFR 233.20 [a] [12] [i] [A] [2]) and State (18 NYCRR 348.4, 352.31 [d] [2]) regulations allow recoupment of benefits based on a misstatement by the applicant only when such misstatement resulted in an overpayment. Here, no such overpayment was shown. Under these circumstances, we find that the reduction of the petitioner's AFDC grant was a violation of Federal as well as State law, so that counsel fees may properly be awarded *(see also, Matter of Unger v Blum,* 117 AD2d 607; *Matter of Carabello v Perales,* 117 AD2d 598; *Matter of Unger v Blum,* 99 AD2d 494).

The Federal claim in this case is not merely a nominal one *(cf. Matter of Misuraca v Perales,* 120 AD2d 592). The matter is therefore remitted for a determination (1) whether counsel fees should not be awarded because of extraordinary circumstances, and (2) in the event they are awarded, the amount of such fees *(see, Matter of Rahmey v Blum,* 95 AD2d 294; *Matter of Klapak v Blum,* 97 AD2d 764, *affd* 65 NY2d 670). Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.