■ In the Matter of Luz Martinez, Appellant, v Cesar A. Perales, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Social Services, dated May 14, 1986, which, after a fair hearing, affirmed a determination of the local agency to remove the petitioner's needs from a public assistance budget and Medicaid assistance authorization, which proceeding was settled by stipulation, the petitioner appeals from an order of the Supreme Court, Kings County (Golden, J.), dated May 4, 1987, which denied her application for an award of reasonable counsel fees pursuant to 42 USC § 1988.

Ordered that the order is reversed, on the law, with costs payable by the State Commissioner, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the motion in accordance herewith.

The record reveals that the petitioner's proceeding seeking a restoration of her grant of Aid to Families with Dependent Children included various claims, some of which would warrant an award of counsel fees if the petitioner prevailed and some for which an award of counsel fees would not be available (see generally, 42 USC §§ 1983, 1988). The parties thereafter entered into a stipulation of settlement whereby the petitioner obtained a full restoration of benefits, thus forestalling an adjudication of the merits of her various claims. The

stipulation of settlement failed to recite the legal grounds upon which it was based. The petitioner then sought an award of reasonable counsel fees, contending that she had prevailed on a claim cognizable under 42 USC § 1983. The Supreme Court, Kings County, denied the application. We now reverse.

The petitioner's recovery of substantial relief pursuant to the aforementioned settlement renders her a prevailing party within the meaning of 42 USC § 1988 *(see, Maher v Gagne,* 448 US 122; *Matter of Misuraca v Perales,* 120 AD2d 592; *Matter of Haussman v Kirby,* 96 AD2d 244). Moreover, because the petition asserted some claims which are cognizable under 42 USC § 1983 and the settlement failed to set forth the grounds upon which the petitioner's recovery was premised, the petitioner has established her prima facie entitlement to an award of counsel fees, and this court will not go behind the settlement to examine the merits of her various claims *(see, Maher v Gagne, supra; cf., Matter of Misuraca v Perales, supra).*

Upon remittitur, the Supreme Court, Kings County, must consider whether there are any special circumstances in this case which would render an award of counsel fees unjust, and if not, the court should determine the reasonable counsel fees to which the petitioner is entitled in accordance with the principles set forth in *Matter of Rahmey v Blum* (95 AD2d 294; *see, Matter of Humphrey v Gross,* 135 AD2d 634; *see also, Matter of Johnson v Blum,* 58 NY2d 454; *Matter of Torres v Perales,* 121 AD2d 386; *Matter of Klapak v Blum,* 97 AD2d 764, *affd* 65 NY2d 670). The payment of any award is the sole responsibility of the State Commissioner *(see, Matter of Unger v Blum,* 117 AD2d 607; *Matter of Carabello v Perales,* 117 AD2d 598). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.