■ In the Matter of STEPHEN P. KAYLOR, Respondent, v BOARD OF ELECTIONS OF THE COUNTY OF NIAGARA, Appellant.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner, a candidate for

election to public office, brought this proceeding claiming that the Niagara County Board of Elections (Board) acted in an arbitrary, capricious and illegal manner when it refused to provide him with a copy of a document known as a "street-finder", thereby denying him his rights under the Election Law, CPLR article 78 and 42 USC § 1983. The "street-finder" is a document containing an alphabetical listing of streets, together with their respective election districts, which the Board prepared for its internal use in checking nominating petitions. After oral argument and without benefit of a hearing, Special Term summarily granted petitioner's request that the Board photocopy its "street-finder" and make it available "for petitioner's use off the premises at a cost not to exceed fifteen cents per copy."

Special Term erroneously viewed this proceeding as one in the nature of mandamus. While mandamus is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion (*Matter of Town of Mentz v Department of Transp.*, 106 AD2d 870, 872). The record before Special Term reveals that the court agreed that the "street-finder" was "not a public document." The court was advised that the Board was "not required to keep such a public document" and that "it is used for their convenience in checking the Board documents." Petitioner conceded "that the Election Law does not require the Board to make up such a document."

Since there was no determination that this was a record to which petitioner had a clear right, mandamus would not lie. Thus, petitioner's application should have been dismissed and attorney's fees should not have been awarded. Furthermore, although a party is entitled to an award of counsel fees where such party has prevailed in a proceeding to secure a Federally guaranteed right (*see, Matter of Porter v D'Elia*, 135 AD2d 717, 720; *Matter of Torres v Perales*, 121 AD2d 386), there was no showing here of any violation of a Federally guaranteed right which would have warranted an award for counsel fees. (Appeal from judgment of Supreme Court, Niagara County, Mintz, J.—attorney's fees.) Present—Callahan, J. P., Doerr, Lawton and Davis, JJ.