■ In the Matter of OCTOLEME GELIN, Respondent, v CESAR

A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent, and JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel compliance with determinations of the New York State Commissioner of Social Services, dated September 6, 1985 and December 9, 1985, respectively, and made after two separate fair hearings, which, *inter alia,* reversed determinations of the Nassau County Commissioner of Social Services that denied the petitioner's two applications for public assistance, the Nassau County Commissioner of Social Services appeals from stated portions of a judgment of the Supreme Court, Nassau County (Molloy, J.), entered July 6, 1988, which, *inter alia,* (1) directed him to determine the petitioner's financial eligibility for public assistance within 30 days after service upon him of a copy of the judgment with notice of entry, and (2) awarded attorney's fees.

Ordered that the judgment is modified, by deleting the fourth decretal paragraph thereof, and substituting therefor a provision dismissing the cause of action for attorney's fees; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In July and August of 1985 the petitioner Octoleme Gelin applied to the Nassau County Department of Social Services for public assistance. Both applications were denied. These denials were reviewed in two separate fair hearings conducted by the State Commissioner of the Department of Social Services. In determinations issued September 6, 1985 and December 9, 1985, the State Commissioner directed, *inter alia,* the local Commissioner to reevaluate the petitioner's eligibility for public assistance on each application. Subsequently, upon the perceived failure of the local agency to comply with these decisions, the petitioner commenced the instant proceeding, in which the local Commissioner was directed to reevaluate the petitioner's financial eligibility for public assistance and the petitioner was awarded attorney's fees pursuant to 42 USC § 1988.

The local agency first contends that the Supreme Court erred in directing it to reevaluate the petitioner's eligibility because the agency had in fact complied with the two decisions after fair hearings by its taking certain actions in October 1985. We find this contention to be meritless. First, the September 6 decision, besides directing the agency to determine anew the petitioner's eligibility, directed it to duly notify the petitioner of its determination. The record fails to

indicate that such notification was given the petitioner. Second, the agency's actions in October cannot be deemed to constitute compliance with the December decision after fair hearing, especially where that decision concerned a second and separate application that had been denied on grounds altogether different than those upon which the first application had been denied.

We further find, however, that the awarding of attorney's fees pursuant to 42 USC § 1988 was error. Where relief is sought on State and Federal constitutional claims but granted only on the State claim, which is deemed dispositive, attorney's fees may be awarded if the Federal constitutional claim meets the so-called *"Gibbs* test" *(see, Mine Workers v Gibbs,* 383 US 715, 725), which "permits an award of attorney's fees if (1) the Federal claim has substance sufficient to confer subject matter jurisdiction and (2) the Federal and non-Federal claims 'derive from a common nucleus of operative fact' " *(see, Matter of Johnson v Blum,* 58 NY2d 454, 458, n 2). At bar, the petitioner's Federal claim, which was based on 45 CFR 205.10 (a) (16) was wholly insubstantial, obviously frivolous, and obviously without merit *(see, Hagans v Lavine,* 415 US 528, 537-538). According to the petitioner, this regulation was violated by the agency's failure to take "prompt, definitive, and final administrative action" within a certain time frame. Yet the regulation more precisely requires that "a State plan *shall provide for* a system of hearings under which * * * prompt, definitive, and final administrative action" (emphasis supplied) shall be taken within a certain time frame. The petitioner concedes that the State plan does so provide for a system of hearings; thus, the petitioner claims nothing more than that the local agency failed to comply with State regulations. The substantiality prong of the *Gibbs* test was not met and attorney's fees should not have been awarded. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.