■ In the Matter of FLORENCE AXELROD, Appellant, v WILLIAM J. GRINKER, as Commissioner of the New York City Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to provide the petitioner with 24-hour-a-day home attendant care services, the petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated September 27, 1988, as denied her application for attorney's fees pursuant to 42 USC §§ 1983 and 1988.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court's denial of the petitioner's application for an award of attorney's fees pursuant to 42 USC §§ 1983 and 1988 was a proper exercise of discretion. The petitioner's claim that the city's determination granting her 12-hour-a-day

home care services was arbitrary and capricious and a violation of State and Federal law *(see,* Social Services Law § 365-a; 42 USC § 1396 *et seq.;* 42 CFR 440.170 [f]) does not constitute a substantial claim pursuant to 42 USC § 1983 so as to warrant an award of attorney's fees *(see, Matter of Gelin v Perales,* 149 AD2d 593; *Matter of Rozier v Perales,* 149 AD2d 710; *Matter of Misuraca v Perales,* 120 AD2d 592).

Parenthetically, we note that there is no indication in the record of the Commissioner of the New York State Department of Social Services being added as a party respondent. Since it is the State Commissioner who would be ultimately responsible for an award of attorney's fees *(see, Matter of Unger v Blum,* 117 AD2d 607, 608), such an award could not be made under the current posture of the proceeding. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.