■ In the Matter of EVA HEGARTY, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel compliance with the respondent State Commissioner's "Decision After Fair Hearing" dated January 22, 1988, the petitioner appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated November 14, 1988, which dismissed her petition as against the respondent Perales, denied the petition as against the respondent Grinker, except to the extent of directing his compliance with the "Decision After Fair Hearing", and denied her application for an award of attorney's fees.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's allegations do not establish a specific conflict between a State plan or practice on the one hand and a Federal mandate on the other. A local agency's failure to comply with State regulations does not, without more, implicate an interest secured by the laws of the United States *(see, Matter of Misuraca v Perales,* 120 AD2d 592, 593-594).

Inasmuch as the real controversy in the underlying case concerns the administrative application of State statutes and regulations, there is no bona fide civil rights claim pursuant to 42 USC § 1983 to warrant an award of attorney's fees *(see, Matter of Kross v Perales,* 156 AD2d 451; *Matter of Rozier v Perales,* 149 AD2d 710; *Matter of Gelin v Perales,* 149 AD2d 593). Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.