**Gregory ANTONSEN, Plaintiff–Appellant,**

**v.**

**Benjamin WARD, as Commissioner of the Police Department of the City of New York; New York City Police Department; Edward I. Koch, as Mayor of the City of New York, Defendants–Appellees.**

No. 1773, Docket 91–7215.

United States Court of Appeals, Second Circuit.

Argued July 8, 1991.

Decided Aug. 21, 1991.

Thomas Martin Kennedy, New York City (Ira Cure, Lewis, Greenwald, Kennedy, Lewis, Clifton & Schwartz, P.C., of counsel), for plaintiff-appellant.

William J. Thom, New York City (Victor A. Kovner, Stephen J. McGrath, and Frances Sands, Corp. Counsel, City of New York, of counsel), for defendants-appellees.

Before MESKILL, NEWMAN and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Plaintiff-appellant Gregory Antonsen appeals from a judgment entered in the United States District Court for the Southern District of New York, John M. Cannella, *Judge,* that dismissed his complaint on res judicata grounds, and thus presents for us, once again, the problem of what claim-preclusive effect we should give a judgment rendered in an Article 78 proceeding by the New York State Supreme Court. It does so in the context of an employee discharge case where Antonsen seeks to recover in this federal action attorney's fees and compensatory damages after having obtained reinstatement and back pay in the state court proceeding.

## BACKGROUND

Antonsen entered the New York City Police Academy in July of 1985, and was appointed as a probationary police officer for an initial term of 18 months. A month later, he suffered from abdominal pains and was diagnosed as having Crohn's disease, a condition causing inflammation of the gastrointestinal tract. Antonsen received medication and despite his condition, he completed the police academy's training program. In December of 1985, Antonsen served in a police officer orientation program, and in early July of 1986, he was assigned to regular patrol duties.

A short time later, Antonsen was hospitalized for his Crohn's disease and underwent intestinal surgery to remove the infected areas of his small intestine. The operation was successful, so he was soon placed on limited duty on September 17, and returned to active duty on October 1.

As part of routine procedure near the end of his probationary period, the department gave Antonsen a final physical examination to determine whether he was suitable for a permanent position as a New York City police officer. Upon discovering a significant history of Crohn's disease, the department extended Antonsen's probationary period and placed him on limited duty pending a determination by the Chief Police Surgeon. Finally, on May 8, 1987, after further medical review of Antonsen's condition, the department terminated Antonsen's employment based on its determination that Antonsen had failed to meet the medical standards required for permanent employment.

On September 4, 1987, Antonsen commenced a special proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules in the New York State Supreme Court, New York County, against the City of New York, the Police Department of the City of New York, Benjamin Ward as Commissioner of the Police Department of the City of New York, and

Edward Koch as Mayor of the City of New York (hereinafter collectively referred to as "the police department" or "the department"). Antonsen alleged that the police department's decision to terminate him was arbitrary and capricious and should be overturned. He also asserted that the decision to terminate him because of his history of Crohn's disease, violated New York's Human Rights Law, N.Y.Exec.Law § 290 *et seq.* (McKinney 1982 & Supp.1991), and the federal Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Antonsen sought reinstatement with back pay and costs. Although the petition did not explicitly mention attorney's fees, one of the two notices of petition sent to the defendants, stated that Antonsen would be seeking reasonable attorney's fees incurred during the proceeding.

On October 14, 1987, while the state proceeding was still pending, Antonsen commenced this action in the United States District Court against the same defendants and on the same grounds under the state Human Rights Law and the federal Rehabilitation Act. This action was eventually stayed by the district court on April 29, 1988, pending a decision in state court.

Meanwhile, on January 22, 1988, the state supreme court rejected the police department's contention that Antonsen suffered an incapacitating disability; it held that the department had violated N.Y.Exec. Law § 296, which provides that an employee cannot be discharged due to a disability unless the disability prevents him from performing his job duties in a reasonable manner. *See:* N.Y.Exec.Law § 292(21) (McKinney 1982 & Supp.1991). The court found that the department's decision to terminate Antonsen improperly relied on statistical probabilities of the recurrence of Crohn's disease, rather than on an individualized assessment of Antonsen's medical condition. The court remanded the matter to the department for a *de novo* medical examination and for reconsideration of Antonsen's candidacy as a police officer. The opinion contained no reference to the Rehabilitation Act claim.

The department did not appeal. It reexamined Antonsen and reconsidered his candidacy, but eventually reaffirmed its earlier determination and refused to reinstate Antonsen because of his medical condition.

On January 6, 1989, Antonsen commenced a second Article 78 proceeding against the same defendants, again contending that the department was arbitrary and capricious. In his second petition, however, Antonsen asserted only a claim under New York law. Although the petition is similar to the first one in all other respects and asks for the same relief, it contains no mention of the Rehabilitation Act. Again the petition asked for costs, but did not specify attorney's fees, and the notice of the second petition mentioned only costs, not attorney's fees.

On June 16, 1989, the supreme court determined that no rational basis existed to support the department's decision to terminate Antonsen, since the department had again improperly relied on statistics in reaching its decision. The court also found that the decision to terminate Antonsen violated the N.Y.Exec.Law § 296(1)(a). Again, however, the opinion did not mention the federal Rehabilitation Act. It ordered that Antonsen be reinstated with back pay and any other employment benefits that had accrued during his termination period. The decision was affirmed on appeal to the Appellate Division, First Department, 161 A.D.2d 378, 556 N.Y.S.2d 479 (1st Dept.1990), and affirmed again on appeal to the New York Court of Appeals, 77 N.Y.2d 506, 569 N.Y.S.2d 328, 571 N.E.2d 636 (1991).

Without awaiting the outcome of the appeals, Antonsen, on October 31, 1989, reactivated this case in federal court. He moved for partial summary judgment with regard to defendants' liability under section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and sought to recover attorney's fees for services performed in both the state and federal actions, relying on section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a(b). Antonsen also moved for partial summary judgment with regard to the liability portion of his claim under New

York Executive Law, and sought an award of compensatory damages. Defendants cross-moved for summary judgment to dismiss the entire action on the ground that Antonsen's claims were barred by res judicata.

The district court denied Antonsen's motions, but granted defendants' cross-motion and dismissed Antonsen's complaint on res judicata grounds. The court concluded that Antonsen was barred from asserting claims under both the Rehabilitation Act and New York Executive Law. With respect to Antonsen's attorney's fee claim under the Rehabilitation Act, the court held that "the state court was able to provide Antonsen with the full measure of remedies under federal law and the Article 78 judgment preclud[ed] Antonsen from relitigating his claim under the Rehabilitation Act". Thus, the court found that since Antonsen could have obtained attorney's fees under the Rehabilitation Act in the Article 78 proceeding, he was barred from trying to assert that claim in the federal action. In addition, the court found that the New York Court of Appeals, after its decision in *Gross v. Perales*, 72 N.Y.2d 231, 532 N.Y.S.2d 68, 527 N.E.2d 1205 (1988), now would allow plaintiffs in Article 78 proceedings to recover compensatory damages, thus barring Antonsen's attempt to obtain compensatory damages under New York Executive Law in this action.

## DISCUSSION

Under the full faith and credit clause of the constitution, a federal court is required to give the same preclusive effect to a state court judgment as that state would give it in a subsequent proceeding. *Migra v. Warren City School District*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see also* 28 U.S.C. § 1738. New York law thus governs the question of whether Antonsen's claim is precluded. It is well established in New York that "once a claim [has been] brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."

*O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981); *see also Smith v. Russell Sage College*, 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 749 (1981). Under this "transactional approach" to res judicata, claims arising out of the same "factual grouping" are deemed to be part of the same cause of action and any later claim will be barred. *Smith*, 54 N.Y.2d at 192–93, 445 N.Y.S.2d at 71, 429 N.E.2d at 749; *O'Brien*, 54 N.Y.2d at 357, 445 N.Y.S.2d at 688, 429 N.E.2d at 1159. However, the operation of this broad bar is limited to situations where the initial forum had the power to award the full measure of relief sought in the later litigation. *Heimbach v. Chu*, 744 F.2d 11, 14 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985); *see McLearn v. Cowen & Company*, 48 N.Y.2d 696, 698, 422 N.Y.S.2d 60, 61, 397 N.E.2d 750, 751–52 (1979).

In other words, only if a claim could have been litigated in a prior proceeding will it later be precluded on grounds of res judicata. Where "formal barriers" to asserting a claim existed in the first forum it would be "unfair to preclude [the plaintiff] from a second action in which he can present those phases of the claim which he was disabled from presenting in the first." Restatement (Second) of Judgments § 26(1)(c) comment c (1982). *See also Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986).

The question before this court is whether Antonsen's Article 78 proceeding presented "formal barriers" to recovering attorney's fees and compensatory damages that would render it "unfair" to hold that he could not bring this subsequent action for these remedies. We first address the attorney's fee question and then we consider the compensatory damages issue.

### A. *Attorney's Fees*

With respect to Antonsen's claim for attorney's fees under the Rehabilitation Act, we think that the Article 78 court could have granted these fees if Antonsen had properly pursued them there. In *Johnson v. Blum*, 58 N.Y.2d 454, 457, 461

N.Y.S.2d 782, 783, 448 N.E.2d 449, 450 (1983), the New York Court of Appeals held that attorney's fees under 42 U.S.C. §§ 1983 and 1988 could be awarded in a state court Article 78 proceeding. The court also held that even where the only relief awarded is on state grounds, the fees could be awarded if the petitioner sought relief on both state and federal grounds. *Id.* at 457 n. 2, 461 N.Y.S.2d at 783 n. 2, 448 N.E.2d at 450 n. 2. Thus, a plaintiff who prevails on the nonfee claim is entitled, in New York, to a determination on the other, fee-related, claim unless the claim is constitutional in nature, and even then, the court can award fees provided that the constitutional claim meets the test for pendent jurisdiction under *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). *Id.*

Other Article 78 cases have recognized the propriety of fee awards, provided that they are supported by statutory authority and proper circumstances. *See, e.g. Klapak v. Blum*, 97 A.D.2d 764, 468 N.Y.S.2d 182, 183 (2d Dept.1983), *aff'd*, 65 N.Y.2d 670, 491 N.Y.S.2d 615, 481 N.E.2d 247 (1985) ("[i]nasmuch as the petitioner has been successful on her claim which is cognizable under section 1983 of title 42 of the United States Code, there is, on the record before us, a valid basis for an award of counsel fees, provided that no special circumstances exist which would warrant a denial of the fee"); *Axelrod v. Grinker*, 157 A.D.2d 779, 550 N.Y.S.2d 58, 58 (2d Dept.1990) (Supreme Court's denial of petitioner's application for attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 was proper exercise of discretion because petitioner's claim "does not constitute a substantial claim pursuant to § 1983 so as to warrant attorney's fees"); *Prezioso v. Amrhein*, 154 A.D.2d 468, 545 N.Y.S.2d 939, 941 (2d Dept.1989) (circumstances did not require attorney's fees pursuant to 42 U.S.C. § 1988 where constitutional issues were not reached); *Gelin v. Perales*, 149 A.D.2d 593, 540 N.Y.S.2d 275, 276 (2d Dept. 1989) ("[w]here relief is sought on State and Federal constitutional claims but granted only on the State claim, which is deemed dispositive, attorneys' fees may be awarded if the Federal constitutional claim meets the so-called '*Gibbs* test'"; fees denied for failing to satisfy *Gibbs'* substantiality prong) (citations omitted); *Rosario v. Blum*, 80 A.D.2d 511, 435 N.Y.S.2d 596, 598 (1st Dept.1981) (award of attorney's fees rests within the discretion of the court; circumstances do not present proper case to award attorney's fees).

In this case, Antonsen asserts his claim for attorney's fees under the Rehabilitation Act, which clearly establishes the requisite statutory authority for granting these fees. *See* 29 U.S.C. § 794a(b). In addition, under *Johnson*, if Antonsen had asserted both this federal fee claim and his state nonfee claim, he would have been entitled to a determination of the Rehabilitation Act claim for purposes of determining whether attorney's fees were appropriate, even though he had already won on the nonfee New York Executive Law claim. Antonsen failed, however, to pursue attorney's fees in his first Article 78 proceeding, and he failed to even mention the Rehabilitation Act in his second Article 78 proceeding. Significantly, Antonsen's omission does not affect the Article 78 court's clear power to consider and award attorney's fees had they been requested; only Antonsen's own lack of diligence prevented consideration of the issue in state court. Thus, under New York's claim preclusion rules, he is forever barred from asserting this claim.

### B. *Compensatory Damages*

■ Antonsen also asserts a compensatory damages claim in the amount of $700,-000 for his emotional pain and suffering. Such non-economic damages are recoverable under New York Executive Law, and must be contrasted with the economic damages of back pay and lost benefits actually awarded by the state court as incidental to Antonsen's reinstatement.

Antonsen's claim for compensatory damages is governed by N.Y.Civ.Prac.L. & R. 7806, which restricts the damages that can be recovered in an Article 78 proceeding. Two conditions must be met before any damages can be awarded: First, the damages must be "incidental to the primary

relief sought", and second, the relief must be "such as [could be recovered] on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity." N.Y.Civ.Prac.L. & R. 7806 (McKinney 1981). Since the second condition presents no problem here, the critical question for Antonsen is whether the compensatory damages he now seeks could be deemed "incidental" to the primary relief he sought in the Article 78 proceeding.

In *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986), we recognized that the New York courts had yet to "fully articulate[ ] a comprehensive test for determining when in an Article 78 proceeding damages can be properly characterized as incidental to the primary relief sought". In that case, the plaintiff had brought a federal action for damages under 42 U.S.C. § 1983 after prevailing in a state Article 78 proceeding based on identical facts. We found substantial New York authority to indicate that damages for civil rights violations are not incidental to the primary relief sought in Article 78 proceedings. *Id.* (citations omitted). We reasoned that an Article 78 proceeding was a " 'special proceeding' ", designed to facilitate a " 'summary disposition' " of the issues presented:

> [A]n Article 78 petitioner often needs immediate relief such as release from confinement, reinstatement of employment [as in Antonsen's case], or reinstatement of a terminated license. To that end the damage limitation provision of section 7806 protects an Article 78 court from the burden of deciding numerous issues collateral to the primary relief the petitioner seeks. * * * Thus, a construction of section 7806 that prevents an Article 78 court from awarding civil rights damages furthers the essential purpose of the special proceeding—a speedy correction of improper action * * *.

*Id.* at 280.

The district court in this case, however, concluded that the New York Court of Appeals in *Gross v. Perales* had changed the rule we had recognized in *Davidson*, and that New York would now allow an Article 78 court to award compensatory damages as incidental to the primary relief sought. We disagree with the district court's interpretation of *Gross*. In *Gross*, the state court of appeals did nothing more than reiterate and apply section 7806, which permits incidental damages to be granted by an Article 78 court. As to what was "incidental", the court stated "[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim, is dependent upon the facts and issues presented in a particular case". *Gross*, 72 N.Y.2d at 236, 532 N.Y.S.2d at 70–71, 527 N.E.2d at 1207. *See also Pauk v. Board of Trustees*, 68 N.Y.2d 702, 705, 506 N.Y.S.2d 308, 309, 497 N.E.2d 675, 675–76 (1986) ("[w]hether damages are 'incidental to the primary relief sought' depends upon the facts of the case"); *Schwab v. Bowen*, 41 N.Y.2d 907, 394 N.Y.S.2d 616, 363 N.E.2d 341 (1977) (damages not awarded because damages not incidental to primary relief of reinstatement where primary relief was rejected).

In *Gross*, the City of New York had brought suit against the New York State Department of Social Services claiming that the state's withholding of $20,000,000 in welfare reimbursements was arbitrary and capricious. The court of appeals upheld the supreme court's determination that the state agency's action was arbitrary and capricious. It then determined that the primary relief sought by the city in the Article 78 proceeding was a declaration to that effect, and that the supreme court's order that the state should reimburse the city was merely a direction to fulfill its statutory duty to pay out money arbitrarily withheld. Thus, the transfer of money from the state to the city was incidental to the principal relief sought; even without the direction, the state would still have been statutorily obligated to reimburse the city.

The holding in *Gross* could be viewed as defining the term "incidental" quite narrowly by limiting the "incidental" damages allowed under section 7806 to those situations where the monetary obligation would arise automatically as a result of the court's decision on the primary claim. While we need not go that far in our inter-

pretation of *Gross* in order to decide the issue before us today, we are satisfied that *Gross* simply does not deal with compensatory damages, such as are involved here and were involved in *Davidson,* and we are left with the pre-*Gross* articulation of the standard that excludes such compensatory damages from the classification of "incidental" relief.

Because the compensatory damages Antonsen seeks pursuant to New York Executive Law are for emotional pain and suffering, they are not incidental to the main relief Antonsen sought in state court: a declaration that the department's actions were arbitrary and capricious and reinstatement to his former position. Like similar damage claims in civil rights actions, allowing this claim for non-economic damages would be "an impermissible intrusion" into summary Article 78 proceedings. *Rosario,* 80 A.D.2d at 512–13, 435 N.Y.S.2d at 598. *See also Davidson,* 792 F.2d at 279. We thus disagree with the district court's determination that Antonsen's claim for compensatory damages is barred on grounds of res judicata.

■ We do, however, affirm the judgment of the district court, including the dismissal of Antonsen's claim for compensatory damages, because this claim is not properly in federal court. Antonsen seeks compensatory damages exclusively under New York's Human Rights Law. His only basis for federal jurisdiction is the Rehabilitation Act, and, as we have held, his only claim under that act, a claim for attorney's fees, is barred by res judicata. Since there is no other basis for federal jurisdiction over his compensatory damage claim under the state act, we affirm the dismissal of the complaint, though our affirmance of dismissal of the compensatory damage claim rests solely on lack of federal jurisdiction.

## CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing the plaintiff's complaint is affirmed.