■ In the Matter of DEBORAH HUMPHREY, Appellant-Respondent, v GEORGE GROSS, as Commissioner of the New York City Department of Social Services, Respondent, and CESAR PERALES, as Commissioner of the New York State Department of Social Services, Respondent-Appellant.—In a proceeding pursuant to CPLR article 78, the petitioner appeals on the ground of inadequacy and Cesar A. Perales cross-appeals from an order of the Supreme Court, Kings County (Rader, J.), dated September 8, 1986, which granted petitioner's motion for counsel fees pursuant to 42 USC § 1988 to the extent of awarding the amount of $915, to be paid by the respondent-appellant.

Ordered that the order is reversed, on the law, with costs to the petitioner payable by the respondent-appellant, and the matter is remitted for a new determination based on the prevailing hourly market rates charged by private counsel in accordance herewith.

In computing counsel fees pursuant to the Civil Rights Attorney's Fees Awards Act (42 USC § 1988), the court, in fixing a reasonable hourly rate for each category of service rendered, gave effect to the break-point rate in accordance with this court's opinion in *Matter of Rahmey v Blum* (95 AD2d 294). In *Rahmey* we expressed concern, as did the United States Court of Appeals for the Second Circuit *(see, New York State Assn. for Retarded Children v Carey,* 711 F2d

1136), about fee awards to publicly funded legal services organizations based on private law firm hourly rates so high as to produce a windfall. Consequently, we made the market rate subject to a ceiling known as the break-point rate. The break-point rate is the market value rate above which private billing rates include a profit component and an overhead cost so significantly above that of nonprofit law offices that use of such a rate would produce a windfall for nonprofit offices *(Matter of Rahmey v Blum, supra,* at 302-303). However, our concern was not shared by the United States Supreme Court, which subsequently held in *Blum v Stenson* (465 US 886) that prevailing market rates in the relevant community are the proper basis for fixing a reasonable hourly rate, regardless of whether the plaintiff is represented by private or nonprofit counsel *(see, Miele v New York State Teamsters Conference Pension & Retirement Fund,* 831 F2d 407). Accordingly, we are constrained to recognize that prevailing market rates are fully applicable to fee awards to nonprofit organizations *(accord, Miele v New York State Teamsters Conference Pension & Retirement Fund, supra; DiFilippo v Morizio,* 759 F2d 231, 235).

Although a Judge may rely in part on his own knowledge of the hourly rates of private firms in the community in addition to the hourly rate data submitted into evidence *(see, Miele v New York State Teamsters Conference Pension & Retirement Fund, supra),* the fee application must be remitted for further consideration, because the court did not select an hourly rate based solely on prevailing market rates. In recomputing the award of counsel fees, we agree with the court's determination regarding the number of compensable hours to be included in calculating the "lodestar" figure *(see, Matter of Rahmey v Blum, supra),* the court's refusal to augment or reduce the "lodestar" figure under the circumstances of this case, and the court's holding that the State agency is responsible for the payment of counsel fees in social services cases *(see, Matter of Unger v Blum,* 117 AD2d 607). Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.