▮ 135 East 57th Street, LLC, Respondent, v 57th Street Day Spa, LLC, et al., Defendants, and GH Day Spas, Inc., et al., Appellants. [2 NYS3d 789]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered September 25, 2013, which, to the extent appealed from as limited by the briefs, awarded plaintiff attorneys' fees in the amount of $69,106.25 against defendants-appellants (defendants), pursuant to an order, same court and Justice, entered February 21, 2013, which had granted plaintiff's motion to confirm the report of a special referee, entered July 27, 2012, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion denied, and the matter remanded for a new hearing and determination as to the amount of reasonable attorneys' fees incurred as a result of defendants' discovery defaults.

The admissible evidence submitted at the hearing was not sufficient to determine the reasonable amount of attorneys' fees incurred by plaintiff as a result of defendants' discovery defaults. Accordingly, the motion court should have rejected the Special Referee's report recommending that plaintiff be awarded $69,106.25 in attorneys' fees (see Kardanis v Velis, 90 AD2d 727, 727 [1st Dept 1982]). The Special Referee erred in admitting a spreadsheet into evidence as a business record pursuant to CPLR 4518 (a), since the document was prepared by plaintiff's counsel for use at the hearing (see National States Elec. Corp. v LFO Constr. Corp., 203 AD2d 49, 50 [1st Dept 1994]), and was not supported by a proper business record foundation (see West Val. Fire Dist. No. 1 v Village of Springville, 294 AD2d 949, 950 [4th Dept 2002]). Nor was the limited testimony provided by an associate of the law firm representing plaintiff sufficient to establish that the amount of attorneys' fees and expenses was fair, reasonable and incurred as a result of the discovery defaults (see Bankers Fed. Sav. Bank v Off W. Broadway Devs., 224 AD2d 376, 377-378 [1st Dept 1996]).

Since it is clear that plaintiff is entitled to an award of attorneys' fees, we remand to the motion court for a new hearing and determination (see 224 AD2d at 376, 379). Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.