Leasing Control Inc. v Red Roof Inns, Inc. (2020 NY Slip Op 07457)





Leasing Control Inc. v Red Roof Inns, Inc.


2020 NY Slip Op 07457


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 651860/13 Appeal No. 12602 Case No. 2019-4617 

[*1]Leasing Control Inc., Plaintiff-Appellant,
v
Red Roof Inns, Inc., Defendant-Respondent.


Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, New York (Clifford A. Katz of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Brian Pete of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered May 2, 2019, which, after a nonjury trial, found that plaintiff failed to prove its cause of action for breach of contract and directed the Clerk to enter judgment in defendant's favor, unanimously affirmed, with costs.
The trial court's finding that plaintiff failed to prove contractual performance and damages, which was largely based on credibility determinations, was supported by a fair interpretation of the admitted evidence (Security Pac. Natl. Bank v Evans, 175 AD3d 410, 411 [1st Dept 2019], appeal dismissed 34 NY3d 1088 [2020]). Plaintiff called only one witness at trial, who had no actual knowledge of the services for which plaintiff was seeking payment and had no specific involvement with generating invoices. Given this testimony, and the numerous errors and duplications contained in the invoices, the trial court properly discounted the probative value of this body of evidence. Defendant's testimony that it did not receive the invoices further undermined plaintiff's case. Accordingly, the trial court correctly determined that plaintiff failed to establish that the work was performed (see GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 968 [1985]).
The trial court also correctly found that plaintiff failed to carry its burden to prove damages. Despite admitting to inaccuracies contained in the invoices, plaintiff did not provide corrections at trial. The trial court properly declined to consider a spreadsheet, offered for the first time with plaintiff's posttrial brief, that purported to summarize plaintiff's damages. The spreadsheet was not admissible and did not, in any event, reflect the evidence admitted at trial (see 135 E. 57th St., LLC v 57th St Day Spa, 126 AD3d 471, 472 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020