Gomez v William Yang, LLC (2025 NY Slip Op 51172(U))

[*1]

Gomez v William Yang, LLC

2025 NY Slip Op 51172(U)

Decided on July 18, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-140 K C

Leonel Gomez, Ada Hernandez, Iris Hernandez, Rosaura Sosa and Griselda Uvaldo, Appellants,
against
William Yang, LLC, Xiang Yang, Jane Yang and NYC Department of Housing Preservation and Development, Respondents. 

Gibson, Dunn & Crutcher, LLP (Vanessa Ajagu, Christopher Joralemon, Maya Danaher, Melissa Murphy, Nell Hirschmann-Levy, Emily C. Eaton and Twyla Carter of counsel), for appellants.
Law Firm of Yuan Jiang, P.C. (Yuan Jiang and Garwin Leung of counsel), for respondents William Yang, LLC, Xiang Yang and Jane Yang.
Housing Litigation Bureau (Martha Ann Weithman of counsel), for respondent DHPD.

Appeal, on the ground of inadequacy, from an order of the Civil Court of the City of New York, Kings County (Remy Smith, J.), dated January 2, 2024. The order, after a hearing on the branch of tenants' motion seeking attorney's fees, awarded tenants $2,261 in attorney's fees in an HP proceeding.

ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination, following a hearing, of the amount of attorney's fees to be awarded tenants.
After a fire rendered their apartments unhabitable, tenants commenced this HP proceeding on December 14, 2021 to direct landlords to repair the building, correct outstanding housing violations, and restore tenants to possession. The Civil Court issued an order directing landlords to correct the conditions. On September 19, 2023, two years after the order of correction, tenants moved for, among other things, an order holding landlords in contempt, based on their failure to comply with the order to correct, and for attorney's fees. Tenants subsequently moved for an order staying reletting of tenants' apartments and directing landlords to remove all unlawful occupants from the apartments. In an order dated November 24, 2023, the Civil Court (Remy Smith, J.), addressing both motions, among other things, held landlords in contempt and set the matter of reasonable attorney's fees, pursuant to Judiciary Law § 773, down for a hearing.
At the hearing held on January 2, 2024, the Legal Aid Society requested attorney's fees in the sum of $18,110, based on hourly rates of $475 for its supervising attorney, $450 for its staff attorney, and $200 for its paralegal. The lawyers and paralegal involved with the case submitted [*2]their resumes and testified regarding their legal experience, timekeeping practices, and the amount of time they spent working on the motions. They testified that the requested rates reflected the hourly rates billed by private sector attorneys representing tenants, which rates are consistently awarded to nonprofit legal organizations.
In an order dated January 2, 2024, the Civil Court (Remy Smith, J.), among other things, declined to base its award on the comparable billing rates of private attorneys and, instead, awarded attorney's fees in the amount of $2,261, based on hourly rates of $158 for each attorney and $85 for the paralegal. The court based its hourly rate for attorneys on the rate for assigned counsel set forth in County Law § 722-b (a).
Contrary to the Civil Court's finding, "prevailing market rates in the relevant community are the proper basis for fixing a reasonable hourly rate, regardless of whether the plaintiff is represented by private or nonprofit counsel" (Matter of Humphrey v Gross,135 AD2d 634, 635 [1987], citing Blum v Stenson, 465 US 886 [1984]). Generally, "the determination of a reasonable attorney's fee is left to the sound discretion of the trial court" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840 [2016]; see 542 E. 14th St. LLC v Lee, 66 AD3d 18 [2009]; Shrauger v Shrauger, 146 AD2d 955 [1989]). However, there must be a determination, supported by evidence, that the amount of attorney's fees awarded is reasonable (see 135 E. 57th St., LLC v 57th St. Day Spa, LLC, 126 AD3d 471 [2015]; see also Ianniciello v PBDP, Inc., 47 Misc 3d 148[A], 2015 NY Slip Op 50770[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). "In determining what is reasonable compensation for an attorney, the court may consider a number of factors including 'the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained' " (Granada Condominium I v Morris, 225 AD2d 520, 522 [1996], quoting Matter of Potts, 213 App Div 59, 62 [1925], affd 241 NY 593 [1925]).
Here, the Civil Court improvidently exercised its discretion in awarding attorney's fees that were based upon the hourly rate for attorneys assigned pursuant to article 18-B of the County Law (see County Law § 722-b [a]), as opposed to the "prevailing market rates in the relevant community" (Matter of Humphrey v Gross,135 AD2d at 635).
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a new determination, following a hearing, of the amount of attorney's fees to be awarded tenants.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 18, 2025